1832.

Heartt
v.
Corning.

## HEARTT vs. CORNING, executor, &c.

A plea to a bill in chancery must be verified by oath, although the complainant has expressly waived an answer from the defendant on oath.

If a plea is not verified by the oath of the defendant, the complainant may apply for an order to set it aside, or to have it taken off the files of the court; but he cannot make the objection upon the argument of the plea.

A plea is a special answer; and the defendant may therefore put in a plea to the bill, under the usual order for further time to answer.

Where the complainant waives the necessity of an answer under oath, if the defendant puts in a plea to the bill, he will not be required to support it by an answer.

If the negative averments in a plea, by an executor, relate to transactions in the life time of the testator, or to acts done by others, it is not necessary they should be sworn to positively; it is sufficient if they are made upon the defendant's belief only.

Where the articles of copartnership require one of the copartners to make an annual statement of the copartnership accounts, upon the books of the firm, and he makes such statement accordingly, the other copartner will be deemed to have acquiesced in the correctness of the statement, if he does not object to it within a reasonable time thereafter.

In taking an account between partners, entries on the partnership books to which both parties had access at the time the entries were made, are to be considered as prima facie correct; but subject to the right of either partner to show mistakes or errors in the account.

Where the benefit of a plea is saved to the defendant until the hearing, neither party recovers costs on the argument of the plea.

October 2. This was a bill filed by Heartt, the surviving partner of the firm of Heartt & Smith, against the executor of Smith, for an account and settlement of the copartnership concerns. The bill stated that in September, 1804, Heartt & Smith entered into copartnership, in the hardware business, to commence on the first of January thereafter; that Heartt was expected to furnish the principal part of the capital, and that Smith was to take the whole charge of keeping the books and accounts of the firm, and was to make up and state the copartnership accounts annually on the first of January in each year; that the partners were to be allowed interest on the amount of stock furnished by them respectively, to be computed annually on the first of January, and carried into the accounts; and that Heartt was to receive two thirds of the profits of the busi-

ness, and Smith one third. The bill further stated that the partnership continued until the first of April, 1812, when it was dissolved by mutual consent, and that Smith died in March, 1826 ; that from the commencement of thé copartnership, Smith took the sole charge of the books, notes and accounts of the firm ; that the complainant did not, during the continuance of the copartnership, nor until after the death of Smith, inspect the books of the firm, or know the contents thereof ; and that he was not acquainted with his own and his partner's accounts, kept in the books, except from the postings in the ledger ; that there were no annual statements made of the demands or accounts of either of the partners, and no annual inventories were taken of the stock, demands, or property of the firm ; and that there had never been any statement or settlement of accounts of the copartnership concerns made by or between the partners. It was further alleged in the complainant's bill, that during the continuance of the copartnership, and afterwards, Smith had received large sums of money belonging to the firm, which he had not entered upon the books of the company, but had appropriated the same to his own use ; that he had subscribed for and purchased stocks, in the Bank of Troy and other incorporated companies, in the name of the firm, and in his own name, and had paid for the same with the partnership funds ; that he had afterwards appropriated the stock to his own use, without the assent of the complainant, and had received the dividends thereon ; that during the continuance of the copartnership, Smith loaned the partnership funds without interest and against the will of the complainant, by which large sums were lost ; and that he had also used the name of the firm in endorsing for the accommodation of various individuals, by which the partnership was made liable, and sustained losses. The complainant also claimed to be credited for the hire of a store, for the keeping and hire of a horse and carriage for the use of the firm, and for boarding clerks ; and also for large sums of money belonging to the complainant, alleged to have been received and appropriated for the purposes of the company, and not credited on the books of the copartnership. The complainant waived an answer from the defendant on oath,

under the provision of the revised statutes, and in conformity to the 40th rule of the court.

To all that part of the bill which related to errors in the books of the company, by supposed improper credits to Smith, or by the neglect to make proper charges against him, or to the neglect to give all proper credits to the complainant, and to that part which sought to charge Smith with the losses upon monies loaned or endorsements made for the accommodation of other persons, or which related to the bank stock subscribed for or purchased by Smith with the funds of the firm, or which related to any other errors in the books of the company previous to the first of January, 1812, the defendant pleaded that Smith, on the first day of January, 1811, did cause the partnership accounts of the firm, as between the company and the complainant, and as between it and the defendant, from the commencement of the partnership up to and including the first day of January, 1811, to be made and stated in the leger of the company, and caused the balance to be ascertained and struck in the several accounts of the said partners, under that date; which balances were then carried to the new accounts of the partners respectively for the succeeding year, kept in the leger, as by reference to the accounts so stated, balanced and settled on the leger fully appeared. And also that the complainant and Smith, on the first of January, 1812, caused the partnership accounts as between the partners respectively and the company, from the first of January, 1811, up to and including the first of January, 1812, to be made and stated upon the leger; that a balance of $5432,11 was found due from the partnership to the complainant, and of $3127,35 to Smith; and that the balances were struck in the accounts so stated and settled, and were carried by the parties to the new accounts kept in the same leger. And that the schedules A. and B. annexed to the plea were true copies of the accounts as stated on the leger, and that the schedules C. and D. contained the items and particulars of those accounts, from the other books of the firm, as referred to in the accounts so stated, balanced and settled on the leger. The plea also averred that the accounts so stated, balanced and settled were just and true to the best of the

defendant's knowledge and belief; that the complainant, from the commencement of the copartnership, had at all times had free access to the leger, and all the other books of the firm, and was well acquainted therewith and with the matters therein contained ; and that he always acquiesced in the justice and accuracy of the several accounts from the times of the statement and settlement thereof until at or about the time of the death of Smith, in 1826. The defendant put in an answer to the rest of the bill ; but as the complainant had waived an answer on oath, the plea and answer were not sworn to by the defendant. And the cause was brought to hearing, upon the plea, in the usual form.

1832.

Heartt
v.
Corning.

*A. Van Vechten & J. P. Cushman,* for the complainant.

*B. F. Butler & T. Clowes,* for the defendant.

THE CHANCELLOR. It is necessary in the first place to dispose of a question of form, as to the verification of the plea. The complainant having waived an answer on oath, the defendant's counsel supposed the waiver extended to the plea, which in this case is connected with the answer, as the plea covers only a part of the bill. A plea for some purposes may be considered a special answer. And for this reason it has been held that the defendant might put in a plea to the whole bill, under the usual order for time to answer, although the defendant in such a case is not permitted to demur. (2 *Dicken's R. 554.* 1 *Grant's Pr.* 166. 1 *Brown's Ch. Pr. 356.*) But it is not an answer within the meaning and intent of the statute under which this complainant has waived an answer on oath. A plea was never considered as evidence in behalf of the defendant, as to the facts stated therein, so as to require the testimony of more than one witness to contradict it, even where it negatived a material averment in the bill. The object of the statute (2 *R. S.* 175, § 44,) was to prevent the complainant from being concluded by the answer of the defendant, in a case where he was compelled to come into this court for relief, but in which he did not need a discovery,

and where he was unwilling to permit the defendant to be a witness in his own favor, by the forms of pleading. Bills filed under this new provision in the revised statutes, are strictly bills for relief only, and not bills for discovery and relief. Hence, in a case which is proper for a plea, as the complainant is not entitled to a discovery, it cannot be necessary for the defendant to support his plea by an answer, as he must do in most cases where the anwer on oath is not waived. A plea to a bill of this description can seldom be necessary, as the answer cannot be excepted to for insufficiency; and the defendant may set up any matter of defence in the answer. But where the defendant finds it necessary or expedient to resort to this mode of defence, to prevent the trouble and expense of a protracted litigation, he must conform to the former practice of the court, so far as to verify the allegations and averments in his plea by oath, in the usual form. In a case of this kind, however, where the negative averments in a plea of an executor relate to transactions in the life time of the testator, or to acts done by others, it is sufficient if the averments are made upon the defendant's belief only; and they need not be sworn to positively. (*Drew* v. *Drew*, 2 *Ves. & Beame*, 160.) The averments in this plea were therefore correct in point of form; but the plea should have been put in upon oath in the usual manner.

The complainant, however, is wrong in supposing that this is an objection which he can take advantage of at the hearing as to the sufficiency of the plea. As well might he object, at the hearing, that a plea or demurrer wanted the signature of counsel. The proper mode of taking advantage of a formal defect of this description, is by an application for an order to set aside the pleading, or to take it off the files for irregularity. The case of *Wall* v. *Hubbs*, (2 *Ves. & Bea.* 354,) referred to by the complainant's counsel on the argument, shows such to be the practice. The application there was to take the plea off the files; and the only question was, whether the complainant was not too late in making the motion, after he had entered an order, in the register's office, setting down the plea for argument. The application would have been wholly unnecessary in that case, if the want of a proper verification would

have been a sufficient ground for overruling the plea on the hearing. If a plea or answer was taken off the files for irregularity, on the ground that it had not been properly sworn to, the defendant, as a matter of course, would have the right to file a new one, properly verified. But if a plea is overruled on the hearing, the defendant cannot have the advantage of his plea without special leave from the court to amend. The case of *Wall* v. *Hubbs* merely decided that the complainant, by taking a step in the cause after the irregularity accrued, was not precluded from making a motion to take the plea off the files of the court. But where, with full notice of the irregularity, he brings on the argument of the plea without asking to have it taken off the files, he is not entitled to have it overruled as an insufficient defence, if in other respects it is well pleaded. In the case of *Beach* v. *The Fulton Bank*, (2 *Paige's Ch. R.* 307, 6 *Wendell's Rep.* 36, *S. C.*) although an answer had been put in without oath, as to one of the defendants, and was therefore irregular, it was held that both parties were precluded from making any objection to the answer after a replication had been filed, and the proofs had been taken in the cause. And Chief Justice Savage there held that the complainants would have been precluded from objecting to the answer on the ground of the irregularity, by the filing of a replication thereto after notice of such irregularity. (*See also Riky* v. *Kemmis, Beatty's Ch. Rep.* 322.)

Upon the merits of the plea, if it turns out to be true in point of fact, my present opinion is, that it will be sufficient to prevent the parties from going into a general account of the partnership transactions, as between the copartners, previous to the first of January, 1812. The late chief baron of the exchequer in England, in a recent case, *The Attorney-General* v. *Brooksbank*, (2 *Young & Jerv. R.* 42,) expressed an opinion that an account stated must be actually signed by the parties to enable the defendant to plead it in bar to a suit for an account; although he seemed to suppose an account not signed might be a good defence if set up in the answer and proved at the hearing. That opinion is clearly not law; and it is directly opposed to that of Lord Hardwicke, in *Willis* v. *Jernegan*, (2 *Atk. Rep.* 252;) where he says, in express terms, that it is not necessa-

ry that the account should be signed by the parties. (*See also Jessup* v. *Cook,* 1 *Halst. Rep.* 436. *La Malaine* v. *Caze,* 2 *P. A. Brown's Rep.* 128.) As there is no statute, or rule of law, which requires the signatures of the parties to an account stated and settled between themselves, to make it binding and obligatory, provided the fact of the settlement can be established by other proof, it cannot, upon any principle of pleading, be necessary to set out any particular species of evidence, in a plea in bar, to enable the defendant to avail himself of the stated account as a defence.

In the case under consideration it appears by the statement in the complainant's bill, that it was one of the stipulations in the agreement of copartnership that Smith should make up and state the partnership accounts, annually, on the first of January in each year. Under that stipulation, even if Smith made up and stated the accounts ex parte, in the absence of Heartt, it was the duty of the latter to look into them within a reasonable time, and to point out the errors, if any existed therein, or he must be considered as having acquiesced in the correctness of the accounts as stated on the books of the firm ; to which books both parties had access during the existence of the copartnership. In stating the accounts of partners, as between themselves, the entries on the partnership books, to which both partners have had access at the time when those entries were made, or immediately afterwards, are to be taken as prima facie evidence of the correctness of those entries ; subject, however, to the right of either party to show a mistake or error in the charge or credit. And vouchers for the specific items can never be required except under very peculiar circumstances. Here the copartnership continued but a few months after the statement of the accounts on the first of January, 1812 ; and it is possible that some fact may be disclosed in the evidence which may render it proper to permit the complainant to surcharge or falsify the account, as stated on that day for the preceding year, at least. But this cannot be done if the plea is now allowed as a conclusive bar against opening the account. I therefore think this is a proper case for saving the benefit of the plea to the defendant until the hearing.

An order must be entered accordingly, directing the plea to stand over until the hearing of the cause ; and saving to the defendant the benefit thereof at that time. In such a case neither party recovers costs as against the other on the argument of the plea, unless the contrary is specially directed by the court. (1 *Brown's Ch. Prac.* 359.)