## FISH vs. MILLER.

Where the complainant waives an answer on oath, no discovery or answer
is necessary in support of a plea which covers the whole relief sought for
by the bill.

So to a bill against a guardian filed, for an account and satisfaction for the estate
of his ward which came to his hands, and to set aside a release obtained from
the complainant on the ground of fraud, the defendant cannot plead the re-
lease in bar of the account, and at the same time insist by his answer that
he has fully accounted with the complainant for the property and effects
which came to his hands as guardian.

Upon a replication to a plea, nothing is in issue except what is distinctly
averred in the plea, and if that is established at the hearing, the plea is a
bar to so much of the bill as it professes to cover.

Where the bill charges that a release of the complainant's demand was ob-
tained by fraud and without consideration, it is not sufficient for the de-
fendant merely to plead the release in bar of the suit, although it recites a
good consideration for the giving thereof; but the plea should also contain
an averment of the truth of such recital, so that the facts may be put in is-
sue by the replication.

October 21.      THIS was an appeal from a decretal order of the vice chan-
cellor of the first circuit, overruling the defendant's plea, and
permitting it to stand for an answer, reserving the benefit
thereof to the defendant on the hearing.    The bill sought for
an account and payment of monies received by the defendant
as the complainant's guardian; and also an account against
him as the executor of the father of the complainant.    The
bill alleged various transactions of the defendant as such ex-
ecutor and guardian; and that after the complainant became
of age, he called upon the defendant for an account and for
the payment of what might be found due upon such account,
but that he could never obtain the same; that in March,
1825, upon a promise of the defendant forthwith to render
such account and to pay what was due, and in anticipation
thereof, he persuaded the complainant to go to the office of
the defendant's attorney and to execute a release, which was
left with such attorney as an escrow, to be delivered upon the
defendant's furnishing a satisfactory account to the complain-
ant, and paying the balance which should appear to be his
due; but that no account had been rendered or payment

made; and that the defendant had surreptitiously obtained possession of the release, and now claimed that the same was valid, and had been executed and delivered absolutely. The release, which was set forth in the bill from the original draft remaining in the hands of the attorney who prepared the same, recited that the defendant had stated an account with the complainant as his guardian, and as the sole acting executor of his father, and had paid to him the balance of such account. The defendant pleaded this release in bar of the account sought by the bill, and of any discovery of the estate which had come to his hands as such guardian or executor; and by the averments in his plea, the defendant denied that he induced the complainant to execute the release in anticipation of his rendering an account to the complainant, or that it was so executed; or that it was delivered to his attorney as an escrow to be delivered to the defendant upon his furnishing a satisfactory account, or upon the payment of the balance of such account to the complainant, or upon any other condition whatever.

*D. Lord, jun.* for the complainant:

I. The plea covers all the relief sought by the bill. It is insufficient, because it only puts in issue the execution of the release, while the bill impeaches the consideration of the release. A release duly executed is not a sufficient plea in equity, without averments in the plea shewing the true grounds and consideration on which it was made. *Pursey* v. *Desbouverie*, 3 *P. Wms.* 316. *Cooper*, 276. *Beames*, 227, 230. 1 *Eden*, 65. *Beames*, 225, 227, 230. This rule applies especially to a guardian settling with a ward just of age, without any averment in the plea of the truth of the very recitals of the release.

II. The plea covering all the relief sought by the bill, if the answer contain matter material to the defence aginst the relief, it overrules the plea. It makes two material defences. The issue on the plea then is either insufficient, *Beames,* 34, 35, or not decisive. *Beames,* 39.

III. If the answer here could be looked into to aid the plea, it is insufficient for that purpose, because it does not shew a

full account given, nor its truth. It does not shew on which side the balance was, nor that nothing was due; nor what was paid or delivered over, or that any thing was.

*S. A. Foot & B. W. Bonney*, for defendant :

I. The release pleaded is a perfect defence in bar of the right to the account required by the complainant in his bill.

II. The plea is good in point of form, and by averments sufficiently covers all the grounds upon which it is sought to be impeached by the complainant.

III. The complainant by his bill seeks to avoid the release upon the ground of misrepresentation and fraud, practiced by the defendant in procuring its execution, and in obtaining the possession of it from the hands of Joseph Strong, with whom it is alleged to have been deposited in escrow. It is sufficient for the defendant in his plea to meet in general terms the charges upon which the complainant bases his right of action, in such manner as to put them in issue, and to place the parties in a condition to adduce testimony in relation thereto.

IV. General averments only are requisite in a plea; and these need not extend beyond the case made by the complainant's bill.

V. The answer in support of the plea is full and perfect as to all the allegations of fraud, and all other equitable circumstances charged in the bill in avoidance of the release.

VI. If the answer be not full in all particulars, the complainant cannot take advantage of its insufficiency, inasmuch as he has in his bill expressly waived the necessity of an answer under oath, and the defendant was not required to support his plea by any answer. The same effect must be given to the plea as if it were supported by an answer perfect in every respect.

THE CHANCELLOR. The complainant having waived an answer on oath, no answer or discovery was necessary in support of the plea, which covers the whole relif sought by the bill. I am inclined to think, however, that by putting in this unnecessary answer, the defendant has overruled his plea; as the answer of itself, independent of the plea, appears to be

a good defence to the whole action, although it might not have been a full answer, so far as relates to the discovery sought by the bill, if the answer on oath had not been waived. If the defendant has fully accounted with the complainant, and delivered over all the property and effects which belonged to him, he is not entitled to a new account, without showing some fraud or error in the former account ; and none such is charged in the bill, whether this release was absolutely delivered, as alleged by the defendant, or otherwise. The defendant cannot be permitted to set up one valid defence, to the whole relief sought by the bill, in the form of a plea, and another full defence by the answer.

Again ; the plea appears to be defective in not averring that the defendant had accounted with the complainant and paid him the balance of such account. This is expressly denied in the bill ; and is therefore an impeachment of the whole consideration of the release. It is true the release recites, as facts, that such account had been rendered and such payment made ; and if the facts were properly put in issue, and it should turn out upon the proofs that the release was absolutely delivered, the release itself would be prima facie evidence of such facts. But the defendant should have distinctly averred these facts in his plea, so that upon a replication to the plea, the complainant might have had an opportunity of showing that the allegations in his bill were true, notwithstanding these recitals in the release. Upon a replication to a plea, nothing is in issue except what is distinctly averred in the plea ; and if that is established at the hearing, the plea is an absolute bar to so much of the bill as it professes to cover. It is very evident that upon a replication to this plea the truth of these recitals would not be put in issue ; but only the fact that the release contained such recitals. And under such an issue, the complainant would not be permitted to introduce evidence to show that the recitals were false. (*See Allen v. Randolph, 4 John. Ch. Rep.* 693 ; *Parker v. Alcock,* 1 *Young & Jervis,* 432 ; *Mitf. Pl., Edwards' ed.* 262, 323.

The decree of the vice chancellor is affirmed, with costs ; and the proceedings are remitted.