The Assistant Vice-Chancellor.
The plea is set up as a bar to all the relief which the complainant^ seeks against Mr. Anthon.
The bill makes a case for the recovery of two hundred and fifty acres of land, a large part of which is still in the possession of Mr. Ward; and the complainant states that Ward has sold various portions of the tract, but he is ignorant as to what part Ward has sold, and what part he has not sold. The bill then charges that Mr. Anthon and divers others, claimed to have some right or title, in some parts or portions of the 250 acres, under deeds executed by Ward. It asks no discovery from Mr. Anthon as to what portions he claims, but it requires a discovery from Ward, which embraces those particulars.
*120 Mr. Anthon’s plea is, that he is a bona fide purchaser without notice, of two separate parcels of the 250 acres.
I think the plea is clearly defective, as an answer to the whole bill, because it does not aver that Mr. Anthon claims no right, title or interest, in any other portion of the 250 acres.
Upon a replication to a plea, nothing is in issue except what is distinctly averred in the plea; and if that is established at the hearing, the plea is an absolute bar, not merely to that part of the claim to which it is strictly pertinent, but to so much of the bill as it professes to cover. And if the truth of the plea be made out, the bill must be dismissed, although the matters pleaded, contain, in fact, no valid defence to the suit. (Fish v. Miller, 5 Paige, 29; Dows v. McMichael, 6 ibid. 144; Harris v. Ingledew, 3 P. Will. 94.)
So in this case, if the plea should stand and the complainant reply to it, and at the hearing it should turn out that Mr. Anthon claimed a third parcel of 20 acres; this plea if true, would be a perfect bar to any relief as to that parcel, although it is not mentioned in the plea, and although it was in fact purchased with full notice of the equities alleged in the bill.
The omission in the bill to describe the parcels claimed against 'Mr. Anthon, does not alter the case. The plea must be complete within itself, and in connection with the matters of the bill which it leaves uncontradicted, must show a perfect defence to so much of the bill as it professes to cover. And this plea, assuming to extend to the whole bill, ought to have showed that in no event upon the case stated in the bill, could the complainant have any relief against Mr. Anthon.
This defect in the plea is apparently unintentional, and a mere slip of the pleader. The defence attempted by it, narrows very much the grounds of litigation between Mr. Anthon and the complainant; and if the former is willing to stake his defence on this single point, the latter surely cannot reasonably complain. It is a proper case therefore to permit an amendment of the plea, if in other respects it be free from substantial objections. (Leaycraft v. Dempsey, 4 Paige, 124 ; Allen v. Randolph, 4 J. C. R. 697.) To ascertain this, it is necessary to consider the other points made against its validity.
*121 2. It is next objected that Mr. Anthon’s denial of notice, is by way of negative pregnant; so that the plea may be true, if he had notice of all the facts constituting the complainant’s equity, save one.
No discovery being required, an answer denying specially the facts charged, was unnecessary. The precedent in Willis’s Pleadings, 566, 569, is one where the bill required an answer on oath. (See ibid. 568, note, e.; Mitford’s Pl. by Jeremy, Edward’s ed. 276; Pennington v. Beechey, 2 Sim. & St. 282.)
The plea first denies notice of Gov. Tompkins assignment; which is the foundation of the ease made by the bill. It then denies notice of any title or claim of title by the complainant. Next it deniest^otice of the facts and circumstances of the fraudulent and improper manner in which Ward is charged to have violated his trust, &c.
The last denial is open to the observation made upon it by the complainant; but it is succeeded by an averment, that Mr. A. is a bona fide purchaser, without any notice of the matters above alleged or of any of them. The plea in a previous paragraph, also traverses notice of any adverse claim or title of any kind or character.
I think the concluding averment of the purchase without notice, puts in issue notice of each and every fact stated in the bill, which might affect the defendant, or tend to deprive him of his defence as a bona fide purchaser without notice.
In the precedent in Willis, the special denial of notice is limited to the complainant’s title, and this plea is certainly in that respect more full than the one there given. So the plea sustained by Lord Eldon, in Wallwyn v. Lee, 9 Ves. 24, only denied notice of the act of parliament, stated in the bill. See it in Beames Pleas in Equity, 344, 349.
The second objection to the plea is not well taken.
3. It is urged that the plea fails to show a color of title in Mr. Anthon’s grantor, from whom it sets forth the purchase ; because it does not aver a possession in fact in such grantor.
Although the precedent referred to in Willis’s Pleadings, gives the form of averment here used, “ was in or pretended to be in the actual possession,” his note to the plea shows what is most *122 fully settled, that the plea ought to show an actual possession in the grantor. (Mitf. Pl. 275, ed. supra; Beames, 243, 4; 2 Daniell’s Ch. Pr. 200; Jackson v. Rowe, 4 Russ. 514, and several other cases cited in the treatises.) But the plea is to be tested by the whole case on which it rests. Here the bill makes out that Ward was in the actual possession from 1826 onward, claiming in fee, in defiance of the complainant’s right. It also shows, (which the plea does not deny,) that Mr. Anthon claims under a conveyance from Ward, and that Howard so claimed. Now if the plea had averred a purchase from Ward directly, the bill would have supplied all the defects alleged in not averring possession in the grantor. Is not the color of title equally plain, when the conveyance is one remove from Ward, he being in possession, and having conveyed when in possession, and seised or pretending to be seised in fee ?
It meets the substantial requirement of the averment of possession in the grantor, when it appears that the possession has actually accompanied the chain of title set up in the plea, and has been hostile to the title claimed by the complainant, from a period antecedent to the defendant’s conveyance. The possession, as it appears by these pleadings, could not lead the defendant to notice of the complainant’s equitable title, because if Ward continued in possession, it was in hostility to that title; and even if it had led to an examination of the records of deeds, nothing would have been disclosed in favor of that title.
If the legal inference from the facts pleaded and admitted, be regarded, it is that at the time of Mr. Anthon’s purchases, Ward, who for many years had been in possession, pretending to be seised in fee, had sold and conveyed to Howard, but remained in possession ; and Howard claiming to be thereby seised in fee, was in possession by Ward as his tenant. In any view of it, I think the plea substantially comes up to the rule established in cases of purchasers claiming to have bought in good faith without notice.
The plea must be declared invalid on the first ground, with leave to the defendant to amend within twenty days, on payment of the costs subsequent to its being pleaded. If he does not amend, it will be overruled by the usual order.