## Case No. 4,589.

### EWING v. BLIGHT.

[3 Wall. Jr., 134;[1] 1 Phila. 576; 12 Leg. Int. 335.]

Circuit Court, E. D. Pennsylvania. Nov. 8, 1855.

---

[1] [Reported by John William Wallace, Esq., and here reprinted by permission.]

C. Ingersoll, for Ewing the complainant,

GRIER, Circuit Justice. The rules in courts of law, wth regard to dilatory pleas, are very stringent, and require them to be put in within four days after the term to which the declaration is filed, counting both days inclusive. They require also that the affidavit to the truth of the plea be positive, and not according to the belief of the deponent. In the practice of those courts, also a dilatory plea, not filed in time or subsequently authenticated, may be treated as a nullity, and the party making it defaulted for want of a plea.

But such is not the course of practice in courts of equity. By the rules of this court, the defendant may enter his plea, demurrer or answer to the bill at any time before or on the next rule day succeeding that of his appearance. There is no distinction made between pleas to the jurisdiction, or that called dilatory pleas and any other pleadings. Nor can the complainant treat the plea filed as a nullity and enter an order taking the bill pro confesso, where the plea is not sufficiently verified. The proper mode of taking advantage of a formal defect of this description, is by an application for an order setting aside the pleading, or to take it off the files for irregularity. Wall v. Stubbs, 2 Ves. & B. 355; Heartt v. Corning, 3 Paige, 570.

Entry in clerk's office rescinded.

Upon the court's announcement of this order, rescinding the entry made by his direction in the clerk's office, of judgment pro confesso, Mr. Ingersoll now moved for an order that the plea should be set aside, because not sworn to, and therefore not sufficiently verified. Counsel on the other side having been heard against the motion, the court's opinion was given by

GRIER, Circuit Justice. It has been said, by Lord Redesdale, "that pleas to the jurisdiction of the court, or in disability of the person of the plaintiff, as well as pleas in bar of any matter of record, may be put in without oath." But this is true only where the truth of the plea appears by some record. For it is now well settled that wherever the plea puts in issue matter in pais, or which may be established on the hearing, by the testimony of witnesses, it should be verified by oath.

"The principle upon which the court acts in requiring pleas to be put in upon oath, is, that it will not permit a defendant to delay or evade the discovery sought, unless he will first pledge his oath to the truth (or at least to his belief of the truth) of the facts upon which he relies in all cases where the facts are those of which the court does not take official notice." 2 Daniell, Ch. Pr. 786.

Where the facts averred in the plea, are of the defendant's own knowledge, or acts done by himself, they must be sworn to positively. If they are acts done by others not necessarily within his knowledge, they need not be sworn to positively. It is sufficient if he swears to his belief of their truth, and this more especially where the plea is negative, and denies some fact alleged affirmatively in the bill. As where the bill alleges that the complainant is heir, executor, or partner. Drew v. Drew, 2 Ves. & B. 159; Heartt v. Corning, 3 Paige, 570. There is no distinction in equity between pleas to the jurisdiction or other pleas.

The bill in this case avers that the complainant is a citizen of New Jersey, and of course not a citizen of Pennsylvania. This averment is necessary to give the court jurisdiction. The plea denies the fact as averred, and affirms the negative inference assumed from it. Although in strictness it may be said to deny the allegation of the bill by affirming a positive fact, inconsistent with such averment, it may nevertheless be considered a negative plea taking issue on an averment of the bill necessarily within the personal knowledge of defendant. Domicile or citizenship depends not only on the acts, but the secret or declared intentions of the party of whom it is averred. It is the predicate often of very nice legal distinctions, as well as facts and intentions of which another may not be cognizant. It is generally an opinion or belief founded partly on facts known, and partly on information from others. In many cases one man may have such a thorough knowledge of the birthplace and residence of another and the acts of his whole life, that he may conscientiously swear to his citizenship or domicile absolutely and positively. But in many cases a defendant cannot have such knowledge, and can only swear to his belief.

Where an answer sets forth a detail of numerous facts, some on the knowledge of the defendant and others on information, the oath usually makes such distinction. But a plea denying the citizenship of the complainant, being to a single fact, never sets forth the particular facts or reasons which enter into the result. Hence the form of the oath to an answer is not usually found attached to a plea denying a single fact.

If the fact denied be not within the personal knowledge of the deponent, he can but swear to his belief, and the rules of pleading in chancery require no more. It is not necessary to set forth the reasons of such belief or to distinguish between, how much of it is founded on information, how much on personal knowledge, and how much on legal investigation or instruction of counsel. Few persons are capable of such an analysis of their own faith. The law should not compel a party to swear rashly, under penalty of losing his rights.

The motion to strike out the plea for want of a sufficient verification is therefore refused.