## Case No. 68.

### ADAMS v. WHITE.

[2 Pittsb. R. 21; 7 Pittsb. Leg. J. 41; 16 Leg. Int. 293.]

Circuit Court, D. Pennsylvania. Aug. 20, 1859.

NEGOTIABLE INSTRUMENTS — ACTION ON NOTE — DEFENSES—PLEADING—DILATORY PLEAS—JURISDICTION OF CIRCUIT COURT.

1. Matters which appertain solely to the jurisdiction of a court, or to the disabilities of a suitor, should never be blended with questions, which enter essentially into the subject matter of the controversy.

2. In dilatory pleas the greatest precision is required.

3. A plea to the jurisdiction concludes to the cognizance of the court, by praying judgment if the court will take cognizance of the suit, or of the plea (declaration) aforesaid.

4. Plea to the jurisdiction must be signed by the defendant in person, and not by attorney.

5. The affidavit accompanying the plea must be positive, and not "as he believes."

6. The plea must be put in within four days of the term, to which the declaration is filed, counting both days inclusive.

7. Filing plea in bar is a waiver of the plea in abatement.

8. A literal copy of the note, omitting the endorsement, which is averred in the declaration, is a compliance with the 71st rule of the United States district court.

9. In his affidavit of defense, the defendant must state "fully and particularly," the nature and amount of his set off.

10. To put plaintiff on proof of consideration of negotiable paper, it must be shown that it was obtained, or put in circulation, by fraud or undue means.

11. When the citizenship of the parties gives jurisdiction, and the legal right to sue is in the plaintiff, the court will not inquire into the residence of those who have an equitable interest in the claim.

12. He who has the legal right may sue at law in the federal courts, without reference to the citizenship of those who may have the equitable interest.

[At law. Action by Samuel Adams against A. M. White on a promissory note.]

The facts of this case sufficiently appear in the opinion of the court. It came up on a plea to the jurisdiction of the circuit court of the United States, and on a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. As the case involved important questions relating to the jurisdiction and practice of the courts of the United States, the court directed a re-argument, and it was re-argued on the 13th inst. [Plea overruled. Rule absolute. Judgment for plaintiff.]

C. B. Smith, for plaintiff.
John M. Kirkpatrick, for defendant.

M'CANDLESS, District Judge. Plaintiff sues upon a note dated 26th October, 1858, at four months, for $2,055 97-100 drawn by defendant, payable "to the order of myself," and endorsed by him. An affidavit of claim and copy of note omitting the endorsement, were filed with the precipe; and before the return day of the writ a narr. was filed, reciting the note, and averring the endorsement to plaintiff. Defendant's counsel interposes a plea to the jurisdiction, and an affidavit of defence. We must dispose of this plea before considering the argument upon the affidavit. Before the court can proceed to entertain any question on the merits, it must know that it possesses proper jurisdiction over the parties. It is plain that the question as to the citizenship of the parties must be preliminary in its nature, and the exception must be taken by way of a plea. Dodge v. Perkins, [Case No. 3,954;] [Smith v. Kernochen,] 7 How. [48 U. S.] 198.

1. Then as to the point of jurisdiction. The plea filed in this case is bad both in substance and form. It does not deny plaintiff is a citizen of the state of Virginia, but alleges that the note on which this suit is brought, is the property of John M'Vay, a citizen of Pennsylvania, who is not entitled to sue in the courts of the United States. That is a question of title, and is matter in bar, and not in abatement. It has been received as a canon of pleading, that matters which appertain solely to the jurisdiction of a court, or to the disabilities of a suitor should never be blended with questions which enter essentially into the subject matter of the controversy; and that all defences involving inquiries into that subject matter imply, nay admit, the competency of the parties to institute such inquiries, and the authority of the court to adjudicate upon them. Hence it is, that pleas to the jurisdiction, or in abatement are deemed inconsistent with those which appertain to the merits of a cause; they are tried upon different views, as to the relations of the parties, and result in different conclusions. [Sheppard v. Graves,] 14 How. [55 U. S.] 505; Gould, [Pl.] 221.

As to the form of the plea. In dilatory pleas the greatest precision is required. [Evans v. Prosser,] 3 Term R. 186. This plea has no conclusion—it prays no judgment. The language of the pleader's last sentence is "therefore he pleads that this

suit may abate, at the proper costs and charges of Samuel Adams, plaintiff above named," a person by the way, the defendant alleges is a myth, and has no substantive existence. A plea to the jurisdiction concludes to the cognizance of the court by praying judgment, if the court will take cognizance of the suit, or in more technical language of the plea · (declaration) aforesaid. Gould, [Pl.] 238. The present plea is by attorney. A plea to the jurisdiction must be signed by the defendant in person. For, if signed by an attorney who is an officer of the court, he is supposed to have signed it by leave of the court, and the asking of leave is a tacit admission of the jurisdiction. Bac. Abr. "Abatement," A; "Pleas," E. 2. Again, the affidavit. which is a necessary adjunct to all pleas in abatement, must, in a plea to the jurisdiction, be positive, and not "as he believes." This is fatal to this plea.

The rules of courts of law with regard to dilatory pleas are very stringent, and require them to be put in within four days after the term to which the declaration is filed, counting both days inclusive. They require also, that the affidavit of the truth of the plea be positive and not according to the belief of the defendant. In the practice of these courts also, a dilatory plea, not filed in time, or subsequently authenticated, may be treated as a nullity, and the party making it defaulted for want of a plea. Grier, J. [Ewing v. Blight.] 1 Phila. 576.

Aside from all this, the defendant has filed a plea in bar. This is a waiver of his plea in abatement. [Potter v. McCoy,] 2 Casey, [26 Pa. St.] 462. It is a rule of pleading without an exception, that objections to the jurisdiction of the court, or the incompetency of the parties. are matters pleadable in abatement only; and that if, after such matters relied on, a defence be interposed in bar, and going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial, and are waived. [Sheppard v. Graves,] 14 How. [55 U. S.] 510.

2. As to the affidavit of defence. It is alleged in the affidavit, and was contended with ability on the argument, that the copy of the note filed was not a literal transcript, required by the rules of court. But the defendant has not informed us in what the difference consists. If it be the omission of the endorsement, that is supplied by the averment in the declaration.

The defendant claims that he has a set off, but it is not against the demand of the plaintiff, but John M'Vay, and we are not advised of its nature or amount. In the affidavit he states that the amount of set off "he does not exactly know," and hence is unable exactly to designate the same. If John M'Vay were the plaintiff here, this would be insufficient, and is less sufficient when suit is brought by an innocent holder. Under the rule he must state his defence "fully and particularly." The burden of the affidavit is that John M'Vay is the real plaintiff, and that the name of Adams is used to sue in this court. The plaintiff is the holder of a note which is negotiable; and to put him on proof of consideration, it must be shown that it was obtained or put into circulation by fraud, or undue means. Some fact must be alleged from which we can reasonably infer that the note came into the hands of the holder by fraud, or without consideration. [Brown v. Street,] 6 Watts & S. 222. There is nothing here but a vague allegation. When defendant drew this note payable to the order of himself, and endorsed it, he converted it into negotiable paper, payable to bearer, untrammeled in its circulation, subject at maturity to suit in the hands of any holder, and exempt from impertinent inquiry, from any quarter, as to the consideration. After he endorsed it, it passed by delivery; and the plaintiff had the same right to sue upon it in his own name, as if it had been made payable to bearer. He alleges that he is a citizen of Virginia, and consequently the circuit court of the United States has jurisdiction. [Bonnafee v. Williams,] 3 How. [44 U. S.] 574.

When the citizenship of the parties gives jurisdiction, and the legal right to sue is in the plaintiff, the court will not inquire into the residence of those who may have an equitable interest in the claim. They are not necessary parties on the record. A person having the legal right may sue at law in the federal courts, without reference to the citizenship of those who may have the equitable interest. [Irvine v. Lowry,] 14 Pet. [39 U. S.] 298. The opinion of the court is with the plaintiff on both points submitted. The plea to the jurisdiction is overruled. The rule to show cause is made absolute, and judgment for the plaintiff; sum to be ascertained by the clerk.

NOTE, [from original report in 2 Pittsb. R. 21.] As to the pleadings, see cases cited in note to Yeatman v. Henderson. [Case No. 18,132.] Upon the other branch of the case, see Snyder v. Riley. 6 Barr [6 Pa. St.] 164; Gray's Adm'r v. Bank of Kentucky, 5 Casey, [29 Pa. St.] 365; Jarden v. Davis, 5 Whart. 338; Phelan v. Moss, 17 P. F. Smith, [67 Pa. St.] 59.

---

## ADAMS, (WHITE v.)

[See White v. Adams, Case No. 17,534.]

---

## ADAMS, (WILDER v.)

[See Wilder v. Adams, Case No. 17,647.]