## BASSETT *v.* SALISBURY MANUFACTURING COMPANY.

A plea in chancery will be set aside on motion, if not under oath.

If a plea in chancery may be obviated by proof of further facts, the practice is, in order to enable the plaintiff to produce such proof, to order the benefit of the plea to be saved to the hearing.

If a plea lacks form, the course is to move that it be set aside, or taken off the files ; and no advantage can be taken of such defect, if the plea is set down for a hearing.

On such motion, the merits of the plea can not be brought in question.

IN EQUITY.   The bill set forth that, on the 30th of August, 1854, the plaintiff, Thomas Bassett, was lawfully seized of certain lands described, consisting of eight tracts, partly in Kingston, East-Kingston, and Newton.   On that day, and ever since, the Salisbury Manufacturing Company have maintained, kept up, and continued, a dam over and across Powow River, at Trickling Falls, in East-Kingston, and have thereby, and by keeping the same higher than they have a right to do, wrongfully, &c., caused the water of said river, and the water falling upon and flowing into the lands of said plaintiff, during all the time aforesaid, to overflow, percolate through, and drown said lands, whereby the plaintiff's grass, trees, and shrubbery growing thereon, have been damnified and destroyed, &c.; his land made spongy, rotten, &c.; and he has been deprived of the use, &c., and of all income, &c.   On the 3d of September, 1855, the plaintiff commenced an action at law against said company for the damage sustained as aforesaid, which was entered and continued, &c., till January term, 1861, when the plaintiff recovered, &c., judgment against said company upon confession, &c., for $40.60 damages, and for costs, &c., which judgment is in force, &c.

The plaintiff prays the said company may be enjoined from so maintaining and keeping up said dam as to cause the water to overflow, percolate, or drown, or in any way injure the plaintiff's land, and for other relief, &c.

The defendants duly filed their plea and demurrer.   To so much

of the bill as alleges a judgment for damages for flowing said tracts of land, they plead that the plaintiff never recovered any such judgment as alleged, nor is there any record of such judgment. And as to all the rest of the bill, they say, the plaintiff is not entitled thereon to the injunction, or other relief prayed, because it is not in said residue of said bill alleged or charged; nor does it appear that there is danger of irreparable injury from the acts of the defendants therein complained of; (2) it is not, &c., alleged, nor does it appear that the injury alleged, &c., can not be adequately compensated in a suit at law; and (3) it is not alleged that the right of the plaintiff to enjoy his said land, free from the molestation complained of, has been established in a suit at law.

November 6, 1861, the plaintiff, by order of a judge, had leave to amend his bill by inserting after "upon confession," &c., "as to the second, fifth, and sixth tracts of land hereinafter described," and an answer was ordered in thirty days.

In due season the defendants filed their plea to the whole bill, that the plaintiff ought not to maintain his bill, because they say they had not, at the time of filing said bill, nor for a long time before, to wit, from the 4th day of May, 1857, nor have they since had, any right, title, or interest in the said dam at Trickling Falls, or in any dam, mills, or mill-privilege on said Powow River, or any dam thereon, nor have they maintained, controled, or interfered with said dams, at any time since said 4th of May, 1857. But the same has been owned, controled, and regulated, since said 4th day of May, 1857, by the Salisbury Mills, a separate and distinct body corporate, duly organized, and existing under the laws of Massachusetts, over whom these defendants have no power or control. They pray judgment, if they shall make further answer.

At the December term, 1861, *C. H. Bell*, for the plaintiff, moved that the plea may be set aside.

1. Because it is merely a dilatory plea.

2. Because two successive dilatory pleas are not allowed.

3. The amendment of the bill did not change the case so as to require, or justify the plea.

4. The plea is not under oath.

5. The answer must be to all the allegations of the bill. Here the plea is pleaded to the whole bill, and does not answer the whole; (1) because the defendants do not allege that their whole interest is ended; they may have leased merely; (2) the bill alleges flowage since August, 1854; the plea denies any flowage since May, 1857. As to the flowage from August, 1854, to May, 1857, they say nothing.

The defendants say, the Salisbury Mills control the dam, &c. We think that is the same body as the Salisbury Manufacturing Company, and desire leave to amend our bill by making the Salisbury Mills defendants. If they were shown to be the same corporation, the injunction would be proper against the Salisbury Mills.

*Bell, Towle, French,* and *Marston,* for the plaintiff.

*Wilcox, Christie,* and *D. Clark,* for the defendants.

BELL, C. J.   The plaintiff moves that this plea may be set aside on several grounds; (1) because it is a mere dilatory plea; (2) and because a former dilatory plea having been pleaded, two dilatory pleas successively are not allowed.

Neither the present nor the former plea seem to us dilatory. Both go to the merits of the case.   Neither suggests any defect in the proceedings.   The last is pleaded to the whole bill, and if allowed, it is a final answer to the bill.   It seems intended for a denial of the main fact, on which an injunction is asked, that the defendants have flowed the plaintiff's land.   On this ground the plea can not be set aside.

(3) Another ground is, because the amendment of the bill was not such as to require or justify the filing of this plea.   We understand the rule to be general, that if the plaintiff amends his bill, the defendant is entitled to answer anew, or to amend his answer, or plea, as to matter of substance, in any way he pleases.   1 Dan. C. P. 468; *Trust Co.* v. *Jenkins,* 8 Paige 592; *Bosenquet* v. *Marsham,* 4 Sim. 573; *Gambier* v. *Laheup,* 1 Dick. 44; *Richardson* v. *Richardson,* 5 Paige 58; 1 Barb. Ch. Pr. 195.

(4) Another ground is, because the plea is not under oath.   The general rule in courts of chancery is, that pleas must be under oath; 2 Dan. C. P. 791; and if not so verified, application may be made to set them aside, or to have them taken off the file.   *Heartt* v. *Corning,* 3 Paige 566; 2 Dan. C. P. 786; 1 Newland C. P. 117; Story's Eq. Pl. 541, sec. 696; Adams' Eq. 341; *Dunn* v. *Kugin,* 3 Scan. 292.

By our 10th general rule, a party may avail himself of any defense as well by answer as by plea.   The 9th general rule, which dispenses with the oath to the answer, unless an answer under oath is required by the bill, is in terms applicable only to answers.

The object of the rule was to save parties the trouble and delay growing out of the stringent rules applicable to pleas; and we think there is no reason for departing from the ordinary rule of the courts of chancery.   A plea is regarded as an answer under the usual rule for time to answer, but it is held not an answer within the meaning of the New-York statute, under which the complainant has waived an answer under oath.   *Heartt* v. *Corning,* 3 Paige 566.   On this ground the plea must be set aside.

(5) Also, a further reason for the motion is, because the plea, though pleaded to the whole bill, is not an answer to the whole.

1. It is not a direct and positive answer to the allegations, but is merely argumentative.

The plea is designed as a complete bar to any relief by injunction. It denies that for more than three years past before the filing of the bill, the defendants had any interest in, or control over the dam, by means of which it is alleged in the bill, that the flowage has been caused, or in any other dam over said river, or that they have maintained, controled, or interfered with said dam in any way.   The plea seems to us clearly argumentative.   It is not asserted in the bill, that the defendants had any right, title, or interest in any dam, or any authority, or power to interfere with, or control the water of

the river, or any dam on it.  If such a statement had been made, it would not be so far material, that the right of action would depend upon it.  The gist of the action is the flowing, causing the water of the river, &c., to overflow, percolate, and drown the land; and that might be done without any title to the dam, or right to control the dam, or the water.  The ground of the plaintiff's complaint is, that the injury of which he complains, was done without right.  To make the plea effectual, it should have denied that by means of such dam, or otherwise, they had caused the water to overflow, &c.

In pleas in equity, there must in general be the same strictness and exactness, as in pleas at law, at least in regard to matters of substance.   Story's Eq. Pl. 503;  *Bartlett* v. *Green*, 8 Pick. 111;. Welf. Eq. Pl. 248.   The plea must not be argumentative.   *Wood* v. *Mann*, 1 Sum. 506;  Lube Eq. Pl. 248.   The language must be such as to include all intendments.   And if a case can be supposed, consistent with the facts pleaded, which would render the plea inoperative as a full defense, and which is not excluded by particular averments, the plea is bad.  *Whitlock* v. *Fish*, 3 Ed. Ch. 131; *Daniels* v. *Taggart*, 1 G. & G. 311.

It is a well settled doctrine in equity as well as at law, that all who aid, advise, or encourage a wrong, are responsible as wrong-doers.   The Salisbury Mills may have had title to the dam, and may have controled and regulated the water, so as to overflow the plaintiff's land, under the advice and encouragement of the defendants, so that on proof of that fact, the bill could be maintained against them.   The plea, consequently, is not in every supposable case, a defense.

2. It is insisted the plea is not an answer to the whole bill, because it does not cover the whole time.   The bill alleges the plaintiff's land to have been flowed since August, 1854, while the plea denies the ownership of the dam, or any control of the water, since May, 1857.   As to the flowage between those dates, nothing is said.

Bills to restrain nuisances are brought and supported on the ground of preventing irreparable injury, or of avoiding a multiplicity of suits.   Their object is a perpetual injunction to prevent actual or threatened mischief.   As incident to the relief by injunction, courts of equity will in proper cases consider and settle the question of damages; but no bill will be entertained, merely for the purpose of settling the damages, that being regarded as the proper province of the courts of law.   *Bailey* v. *Taylor*, 1 R. & M. 73; S. C. Tamlyn 295; Adams' Eq. 500.

It results from these principles, that any defense, which goes to the whole ground of the relief by injunction, is fatal to the bill, and such defense being sustained, the court will not retain the bill for any purpose of settling the damages.

If then, the plea in this case showed a complete bar to the relief by injunction, it would be no valid objection to it, that it did not apply to the whole time of the flowage alleged in the bill.

It is suggested that the Salisbury Mills is the same company as the Salisbury Manufacturing Company; the same corporation under

a new name. If that should be proved, it would do away the whole force of the plea.

The rules applicable to pleas in equity are somewhat stringent; and it is often a somewhat embarrassing inquiry, what is to be done with them, owing to the difference in the modes of proceeding, and of the terms applicable to them, at law and in equity.

In equity, there is no demurrer to a plea, and no other step can be taken, until it is disposed of. It is dangerous to reply to it at once, because the replication is an admission of the sufficiency of the facts pleaded as a bar, if true. *Hughes* v. *Blake*, 6 Wheat. 472; *Bogardus* v. *Trin. Ch.*, 4 Paige 178; *Fish* v. *Miller*, 5 Paige 26; *Dawes* v. *McMichael*, 2 Paige 345. Nothing is in issue except what is distinctly averred in the plea, and if that is established at the hearing, the plea is a bar to so much of the bill as it professes to cover. *Fish* v. *Miller*, 5 Paige 26; *Cook* v. *Mancius*, 4 Johns. Ch. 166; and if it goes to the whole, the bill must be dismissed. No advantage can be taken of any facts, which would obviate the effects of the plea, by a special replication, nor by evidence on the hearing; because, on the general replication—and no other is admissible—they are merely immaterial to the issue to be tried. *Harris* v. *Ingledure*, 3 P. W. 94. To obtain a decision upon the validity of a plea, the course is to set it down for argument, which has much the effect of a demurrer at law, being an admission that the facts stated in the plea are true as they are pleaded, and it is submitted to the court to decide whether they constitute a bar. Upon the argument, the plea may be overruled, and the defendant, upon payment of costs, may file an answer, and be heard on the whole merits. 2 Dan. C. P. 802. The plea may be allowed simply. It is thereby determined to be a complete bar to so much of the bill as it covers, if the matter pleaded and the averments necessary to support it, are true. 2 Dan. C. P. 797; Story's Eq. Pl., sec. 697. When thus allowed, or, if allowed without any argument upon its sufficiency, the plaintiff may take issue upon the plea, by filing a replication, in the same manner as he would if the defendant had put in an answer in the usual way. 2 Dan. C. P. 797.

By neither of these modes of proceeding can the plaintiff avail himself of any answer he may have to avoid the effect of the plea, or take advantage of defects in the form of it. These objects are reached in equity by modes not known to the system of pleading at common law. If the plea wants form, as if it is not verified by oath, the plaintiff must move to set it aside, or take it off the files. He can not make the objection on the argument. *Heartt* v. *Corning*, 3 Paige 566. Upon such a motion, the question of the sufficiency of the plea does not arise.

If, then, the plaintiff find the plea true in fact, and capable of proof, but admitting of a satisfactory answer, he must not reply, for that puts in issue only the truth of the plea; but (1) he may amend his bill, and thus avoid its effect, as was done in this case to avoid the first plea; or (2) he may upon the argument satisfy the court, that although, so far as then appears, it may be a good defense, yet there may be, and he insists there will be, facts proved on the

trial, which, supposing the matter pleaded to be strictly true, would avoid the effect of it. In such case the court, in order that it may not exclude the evidence, as would be·done by allowing the plea, directs that the benefit of the plea shall be saved to the defendant at the hearing. The effect of this direction, which could never be conjectured from the terms used, is well described by *Shaw*, C. J., in *Hancock* v. *Carlton*, 6 Gray 54. He says, "As this plea covers the whole bill, the effect of the order, that the plea stand over to the hearing, saving to the defendant the benefit thereof, is that the defendant shall not be deprived of the benefit of his plea, but that the plaintiff shall be at liberty to file a replication, and proceed to the proof of facts in reply to the plea ; and on such hearing the plea is to be taken *primâ facie*, a good bar to the suit; but as there may possibly be circumstances which in equity ought to preclude the defendant from relying on such plea, the question is left open till the hearing." *Astly* v. *Fountain*, Cas. Tem. Finch 4 ; *Cook* v. *Jackson*, 6 Ves. 18; *Heartt* v. *Corning*, 3 Paige 572, 573; 2 Dan. C. P. 799, 800 ; Welf. Eq. Pl. 308; Story's Eq. Pl.; sec. 698.

It may happen that the court, upon considering the objections to a plea, may regard it as a defense, or part of a defense, but as not admissible as a plea, because of its being informally pleaded, or not properly supported by the answer, so that the truth is doubtful ; and in such case, instead of overruling the plea, which would subject the defendant to pay cost, they may direct it to stand for an answer ; that is, it may be considered as an answer in whole, or in part. It is not, however, subject to exceptions as an answer, unless leave is given to except. 2 Dan. C. P. 800.

The matter is thus explained by *Walworth*, C., in *McCormick* v. *Chamberlin*, 11 Paige 545. Where an answer upon oath is not waived, if a simple plea to the whole bill is allowed to stand for an answer, without giving the plaintiff liberty to except, and where the plea is not accompanied by an answer, so as to entitle the plaintiff to except without special leave, the order of court implies that the plea is deemed sufficient, though not necessarily a full and perfect defense. But if leave is given to except, the order only implies that the plea contains matter, which, if put in the form of an answer, would be a defense to the whole or part of the matters it professes to cover, but the plaintiff is entitled to further discovery. He is not obliged to except, but may file his replication and proceed to take proofs, as if the plea had been originally put in as an answer. Liberty to except to an answer for insufficiency, is never granted, where an answer on oath is waived by the bill. *Fish* v. *Miller*, 5 Paige 26.

If at the hearing the plea is overruled as false, the plaintiff will be entitled to a decree, as on a bill taken *pro confesso*. *Dawes* v. *McMichael*, 2 Paige 345. If found to be true the bill must be dismissed, or barred so far as the plea extends. *Bogardus* v. *Trin. Ch.*, 4 Paige 178. If a further discovery is necessary for the plaintiff, he may examine the defendant on interrogatories. *Souzer* v. *DeMeyer*, 2 Paige 574.

In the present case the plea has not been set down for argument,

and its sufficiency is not before us.  The questions here arise on the motion to set aside the plea, and the motion to amend by making the Salisbury Mills defendants.  On the first, the court are of opinion that the plea not being under oath must be set aside.  If that defect should be remedied by an amendment, the case is one where the plaintiff should be allowed to obviate the effect of the plea, if he can, by evidence that the defendants have caused the nuisance, or that the Salisbury Mills is in effect the same corporation.  The amendment does not seem to be proper to be made upon the facts before us; since its effect might be to substitute new defendants, rather than to call in additional ones.