WOOD (McINTIRE v.).   See Case No. 8,-825.

WOOD (MANHATTAN MEDICINE CO. v.). See Case No. 9,026.

## Case No. 17,951.

### WOOD v. MANN et al.

[1 Sumn. 506.] [1]

Circuit Court, D. Massachusetts.   Oct. Term, 1833.

CONVEYANCE PROCURED BY FRAUD—BILL TO SET ASIDE—DEFENSES—BONA FIDE PURCHASER —ARGUMENTATIVE PLEADING.

1. Where a bill in equity was brought to set aside a conveyance asserted to have been procured by fraud, and one of the defendants pleaded, that he was a bona fide purchaser under the grantee of parcel of the premises, without notice of the asserted fraud, and that he had paid a part of the consideration money, and that the residue was secured by mortgage, held, that this plea furnished no bar to the bill; that it should have averred, that the whole consideration of the purchase had been paid before notice of the plaintiff's title.

[Cited in Livingston v. Story, 11 Pet. (36 U. S.) 393; Pierpont v. Fowle, Case No. 11,-152.]

[Cited in Dugan v. Vattier, 3 Blackf. 248, note. Cited in brief in Richards v. Stanley, 50 Vt. 151.]

2. The above plea overruled absolutely, and the party ordered to answer generally.

3. A bona fide purchaser, for a valuable consideration, and without notice, under a fraudulent grantee, would hold the estate at law against the original grantor.

[Cited in Re Estes. 3 Fed. 142; Dowell v. Applegate, 7 Fed. 887.]

[Cited in Hovey v. Hobson, 53 Me. 452.]

4. Query, whether a bona fide purchase, for a valuable consideration, without notice, is a good

bar in equity to a legal title asserted, as it is to an equitable title.

[Cited in Townshend v. Simon, 38 N. J. Law, 242.]

5. The following was the denial in the plea of the notice of the fraud asserted in the bill; namely, "that this defendant had no notice whatever of any title, claim, or demand of the complainant, or of any other person, to or in the lands so purchased by this defendant, as aforesaid, which would affect the same, or any of them, or any part thereof." Held, that this is argumentative and insufficient. It should expressly and in terms deny, by proper averments, notice of the fraud charged in the bill.

6. The bill charged notice of the asserted fraud against one of the defendants, in general terms, to wit, "that the defendant then and there well knowing all and singular the premises," etc. Held, that the bill should be amended so as to charge the notice more directly.

Bill in equity to set aside a certain conveyance, made by the plaintiff [Josiah Wood, Jr.] to one John R. Adams (a defendant), asserted to have been procured by fraud and imposition upon the plaintiff. The bill averred, that Elisha Fuller, one of the defendants, had notice of the alleged fraud and imposition, in the following terms; namely, "the said Fuller then and there well knowing all and singular the premises, and combining and confederating as aforesaid, the nominal consideration of the said deed, being stated to be forty thousand dollars; but what consideration, or whether any consideration, was paid therefor by the said Fuller, your orator knows not; and the said Fuller combining and confederating as aforesaid, well knowing all the premises," etc. Fuller pleaded, that he was a bona fide purchaser under Samuel H. Mann of parcel of the premises, without notice of the asserted fraud or imposition; that he had paid a part of the consideration money, and that the residue was secured by a mortgage. Upon motion of the plaintiff, the plea was set down for argument, as to its validity in matter as well as in form.

Mr. Rand, for plaintiff.
Mr. Washburn, for defendant Fuller.

STORY, Circuit Justice.   The first question made at the bar is, whether, if the plaintiff asserts a legal title, the plea of a bona fide purchase for a valuable consideration, without notice, is a good bar in equity to a bill, like the present, which is for discovery and relief. Without doubt, a plea to the whole bill, which is bad in part, and good in part, may be allowed to the extent to which it is good, and overruled as to the residue. It may be good as to the discovery, and bad as to the relief. See Coop. Eq. Pl. 230; Mitf. Eq. Pl. (4th Ed., by Jeremy) pp. 294, 295. Upon the question, whether a bona fide purchase for a valuable consideration, without notice, is a good plea in bar to a legal title asserted, as it certainly is to an equitable title, there is considerable contrariety in the authorities. Lord Nottingham is reported, in the case of Burlace v. Cooke, 2 Freem. Ch.

24, to have held the plea to be a good bar. But he is said, in the subsequent case of Rogers v. Seale, Id. 84, to have changed his opinion. Both these cases, however, are, as Mr. Sugden has well observed, very ill reported. Sugd. Vend. (7th Ed.) 762. In Parker v. Blythmore, 2 Eq. Cas. Abr. "G," p. 79, Finch, Prec. 58, the master of the rolls held the plea good. Afterwards, in Williams v. Lambe, 3 Brown, Ch. 264, Lord Thurlow held the plea bad to a bill for discovery and relief. And in the later case of Jerrard v. Saunders, 2 Ves. Jr. 453, Lord Loughborough held the plea good, adhering to, •and approving, the doctrine of Lord Nottingham in the case of Bassett v. Nosworthy, Finch, 102. The elementary writers, too, on this subject are as ill agreed as to the result of the authorities; Mr. Sugden adopting one view, and Mr. Belt and Mr. Beames another. Sugd. Vend. (7th Ed.) 762, 763; Belt's note to 3 Brown, Ch. 263; Beames, Pl. Eq. 234, 245. Mr. Chancellor Kent has come to the conclusion, that the rule in England is according to the decision of Lord Thurlow. Methodist Episcopal Church v. Jaques, 1 Johns. Ch. 74. If it were material to decide this point in the present case, I should take more time to consider it. It appears to me, that some of the cases admit of distinctions, which may reconcile them. There may be good ground to refuse a discovery against such a purchaser, when the bill might be maintainable for relief. And there may also be good ground not to interfere with such a purchaser, so far as to take from him any paramount legal title, which he has honestly obtained; and yet, when that title is not paramount to the legal title of the plaintiff, to give him full relief. The case of dower before Lord Thurlow may stand upon this distinction; and perhaps others. But it is, in my judgment, wholly unnecessary to decide the point; and therefore I leave it for farther consideration.[2]

The groundwork of the argument here fails; for it is not true, that the plaintiff does assert a title strictly legal in all aspects of the case. The argument insists, that the conveyance of the plaintiff to Adams was a mere nullity; not voidable, but utterly void. But, however, it may be treated as between the original parties, in a loose and general sense, as a nullity, it is not so in fact, or in law. The title was voidable for the fraud; and not void. A bonâ fide purchaser, for a valuable consideration, and without notice, under the fraudulent grantee, would hold the estate at law against the original grantor. That doctrine has been repeatedly affirmed by this court; and par-

ticularly in the case of Bean v. Smith [Case No. 1,174]. It has more recently been fully sanctioned by the supreme court of Massachusetts in Somes v. Brewer, 2 Pick. 184. So that, according to the well-established doctrine in this commonwealth, the deed of the plaintiff to Adams cannot be treated as utterly void, but as voidable only. See Ricketts v. Salwey, 2 Barn. & Ald. 360; Fletcher v. Peck, 6 Cranch [10 U. S.] 133. Resort, then, is now had to a court of equity, not to enforce a legal title, but to obtain a declaration, that the original deed was fraudulently obtained, and of course to procure from the defendant, Fuller, a re-conveyance, if he purchased with notice, as the bill asserts in general terms that he did. The plaintiff asks for a discovery, which itself is equitable relief, for the purpose of having a surrender of the asserted fraudulent titles of the defendants, which is also equitable relief. Whatever, then, may be the case, as to a purely legal title asserted in a court of equity, it does not strike me, that this can be treated as a case of that sort upon the actual structure of the bill and plea.

But it is very clear, that the plea furnishes no bar to the bill. In order to make it a good bar, it is necessary, that it should aver, that the whole consideration of the purchase had been paid before notice of the plaintiff's title. Now, the plea admits, that part of the purchase money has been paid, and that the residue is unpaid. It is plain, then, upon the unshaken doctrine of the authorities, that the plea is bad. Lord Redesdale has laid down this doctrine in full and exact terms in his excellent work on Pleadings in Equity. Speaking upon the subject of a plea of this sort by a purchaser, he says: "It (the plea) must aver the consideration and actual payment of it; a consideration secured to be paid is not sufficient." Mitf. Eq. Pl. (4th Ed., by Jeremy) p. 275; Coop. Eq. Pl. 282. And he is fully borne out by authority. Hardingham v. Nicholls, 3 Atk. 304, is directly in point; and indeed the doctrine has passed into a common axiom of equitable jurisprudence. Harrison v. Southcote, 1 Atk. 538; Story v. Lord Windsor, 2 Atk. 630; Jewett v. Palmer, 7 Johns. Ch. 65; Wormley v. Wormley, 8 Wheat. [21 U. S.] 449. Therefore I have no doubt, that the plea must be overruled. And the only question, then, will be, whether it should be overruled generally, or should be permitted to stand for an answer, with liberty to the plaintiff to except; for without such liberty, it would be establishing it as a good answer (Maitland v. Wilson, 3 Atk. 814; Sellon v. Lewen, 3 P. Wms. 239); or whether the benefit thereof should be reserved to the hearing of the cause, to avail, quantum valere possit. Lord Redesdale has fully stated the appropriate effect of each of these courses: "If," (says he,) "upon argument the benefit of a plea is saved to the hearing, it is considered, that, so far as appears to the

---

[2] See Rancliffe v. Parkyns, 6 Dow, 149, 230; Wallwyn v. Lee, 9 Ves. 24; Strode v. Blackburne, 3 Ves. 222. In Payne v. Compton, 2 Younge & C. 457, Lord Abinger held the plea of a bona fide purchase for a valuable consideration without notice was good in equity as a defence against a plaintiff relying on a legal title.

court, it may be a defence; but that there may be matter disclosed in the evidence, which would avoid it, supposing the matter pleaded to be strictly true; and the court, therefore, will not preclude the question. Where a plea is ordered to stand for an answer, it is merely determined, that it contains matter, which may be a defence, or part of a defence; but that it is not a full defence; or it has been informally offered by way of plea; or it has not been properly supported by answers, so that the truth of it is doubtful." Mitf. Eq. Pl. (4th Ed., by Jeremy) p. 303. See, also, 1 Turn. & V. Prac. (6th Ed.) p. 826. The same doctrine was held by Mr. Chancellor Walworth in Orcutt v. Orms, 3 Paige, 459.

It appears to me, that the proper course in the present case is, to overrule the plea absolutely, and to order the party to answer generally; in which case he may insist upon the same matters of defence by way of answer, and have the full benefit of them. The matter of the plea does not furnish a complete bar to the bill; for even if the title in the defendant, Fuller, is unimpeachable, because he had no notice of the fraud or imposition; still, as the whole purchase money has not been paid, the plaintiff may be entitled to relief to the extent of the unpaid purchase money. It is unnecessary now to decide, whether, if the defendant stands in the predicament of a bonâ fide purchaser without notice, having paid part of the purchase money, the deed to him can be set wholly aside, or set aside pro tanto; or whether the remedy of the plaintiff against him is to have the residue of the purchase money paid over to him, if, upon the full hearing of the cause, the plaintiff establishes the case, as put forth in his bill. The other parties have an interest in the decision of these points; and therefore they should be reserved to the hearing.

But what is with me decisive for overruling the plea is, that it does not expressly and in terms deny, by proper averments, notice of the fraud and imposition, which are charged in the bill, and of which, (though in a very loose and inartificial manner,) the defendant, Fuller, is charged by the bill as having notice. It is clear, by the authorities, that it is not sufficient to deny generally notice of such facts, so charged, in the answer in support of the plea; but the answer must deny them specially and particularly, as charged in the bill. This was the decision of Lord Hardwicke in Radford v. Wilson, 3 Atk. 815, and it has been constantly adhered to, as undoubted law. See Mitf. Eq. Pl. (4th Ed., by Jeremy) p. 276; Coop. Eq. Pl. p. 283 (238, 239); Beames, Pl. Eq. p. 247; Jerrard v. Saunders, 2 Ves. Jr. 187, 4 Brown, Ch. 322; Senhouse v. Earl, 2 Ves. Sr. 450; Willis Eq. Pl. p. 568, note; Sugd. Vend. (7th Ed.) p. 761; Rancliffe v. Parkyns, 6 Dow, 230. It is true, that the plea need not be so particular as the answer in support of it. But still it must generally by proper averments deny notice of the fraud and imposition, otherwise the fact of fraud and imposition will not be in issue. Id. The case of Pennington v. Beechey, 2 Sim. & S. 282, fully supports this distinction. The vice chancellor on that occasion said: "It is not the office of a plea to deny particular facts, even if such particular facts are charged." At the same time he held, that there must be a general denial of notice in the plea, and special denial of the particular facts in the answer in support of the plea. But I think the averment of the plea, in this case, is too argumentative, and not sufficiently pointed. It is, "that this defendant had no notice whatever of any title, claim, or demand of the complainant, or of any other person, to or in the lands so purchased by this defendant, as aforesaid, which would affect the same or any of them, or any part thereof." Now this is no denial of notice of the asserted fraud and imposition; but it is merely arguendo, that he had no notice of any title, etc., in the lands, which could affect the same. How can the court say, until it knows, what facts he had notice of, whether they would affect the title or not? The averment contains a denial of matters of law, and not of matters of fact.[3]

I have the less hesitation in overruling the plea absolutely on this account, because if it were permitted to stand for an answer with liberty to except, it would be defective, and upon exceptions must be amended. And no difficulty will occur in stating fully, by way of answer, all the matters which may establish the defence. At the same time I am satisfied, that the bill requires amendment, so as to charge the notice more directly; and the answer should meet the allegations more distinctly. Plea overruled.

[For subsequent proceedings, see Cases Nos. 17,952, 17,953, and 17,954.]

---

[3] See Coop. Eq. Pl. p. 283; Mitf. Eq. Pl. (4th Ed., by Jeremy) pp. 286, 287; Jerrard v. Saunders, 2 Ves. Jr. 187, 4 Brown, Ch. 322; Claridge v. Hoare, 14 Ves. 59, 66.

