KITTERIDGE *et al.* v. CHAPMAN.

1. **Vendor and vendee:** BONA FIDE PURCHASER: NOTICE. Actual payment of the purchase-money (or what is equivalent thereto), before notice of outstanding equities, is necessary to the protection of a subsequent purchaser.

2. —— The execution of a bond or obligation which has not been negotiated is not such an equivalent.

3. —— If there has been a partial payment of the purchase-money before notice, the purchaser will be entitled to protection to that extent, and to a lien on the land therefor.

*Appeal from Kossuth District Court.*

WEDNESDAY, APRIL 23.

THE plaintiff Calvin B. Kitteridge filed his petition in the district court, alleging that he is the owner in fee of the undivided one-half of certain lands therein described; that the defendant, Chapman, is the owner in fee of the other undivided one-half thereof, and praying that partition be made, etc.

The defendant answered denying plaintiff's title to any portion of the premises, and alleging that he, the defendant, is the owner in fee of the whole of the land. The defendant also filed a cross-petition against the plaintiff and one Jacob Long, upon which he asks to have the title to the lands quieted in him, and for general relief.

The cause was tried upon the cross-petition of Chapman, and a decree rendered thereon in his favor. From this decree Kitteridge and Long appeal. The facts necessary to an understanding of the case are stated in the opinion.

*Withrow & Wright* with *Call & Clarke* for the appellants.

*Galusha Parsons* with *Marcus Robbins* for the appellee, to the points decided by the court, cited *Tourville* v. *Naish*, 3 P. Wms. 307; Dart on Vendors, chap. XV; *Bassett*

v. *Nosworthy*, 2 Lead. Cases in Equity, 91; *Blanchard* v. *Tyler*, 12 Mich. 339; *Villa* v. *Rodriguez*, 12 Wall. 338; *Boone* v. *Chiles*, 10 Pet. 212; *Losey* v. *Simpson*, 3 Stock.; Perry on Trusts, § 219; *Wormley* v. *Wormley*, 8 Wh. 421; *Barney* v. *McCarty*, 15 Iowa, 514; 4 Kent's Com. 179; *Norton* v. *Williams*, 9 Iowa, 532.

MILLER, J. — Jacob Long and Francis Long were owners in common of the north-east quarter of section No. one (1) of township ninety-four (94), north of range twenty-nine (29) west, each owning an undivided one-half interest therein. Prior to June 9, 1869, Jacob Long, in writing, constituted his brother Francis, his attorney in fact, to sell and convey his (Jacob Long's) interest in said premises. On that day Francis Long made a sale of the whole tract to Chapman for the aggregate sum of $2,700, which sum was then paid and a conveyance was made by Francis Long to Chapman, which, however, was executed by and in the name of Francis, individually, and not in behalf of Jacob Long. That Chapman purchased the interest of Jacob Long as well as that of Francis, and paid the full consideration therefor, there can be no doubt, and that Francis had authority to sell and convey the interest of Jacob as well as his own is equally clear. Chapman has been in possession ever since his purchase, and there is evidence tending to show that Jacob Long received from his said attorney in fact, part of the consideration paid by Chapman.

On the 29th day of April, 1870, Jacob Long executed to Asa C. Call a letter of attorney, authorizing him to sell and convey the interest of the former in the land in controversy, and on the 3d day of May, 1870, in pursuance of this power, Call, as attorney in fact of Jacob Long, executed a conveyance to the plaintiff for the undivided one-half of the land in controversy.

This deed purports to have been made for the consideration of $1,000, in hand paid. The only evidence of the payment of the consideration is the testimony of George E. Clarke, who states that the plaintiff paid the consideration to him, and

he paid part of it to the attorney in fact of Jacob Long, " and the balance, which is in a bond," the witness holds " as attorney of Jacob Long."

This bond is for the payment of $999, executed by the plaintiff, payable to Jacob Long, two years after date, with interest, dated May 1, 1870. It is not shown how much money, if any, was paid, and we can only infer that it was the difference between the amount of the bond and the consideration recited in the deed, which would be one dollar.

The plaintiff Kitteridge claims to be a subsequent purchaser of the interest of Jacob Long in the land, without notice of the prior equity of Chapman. Before he is entitled to protection as such, he must have paid the purchase-money before notice of the equity of Chapman. See *Sillyman* v. *King et al.*, *ante*, 207, and cases cited; see also *Vattier* v. *Hude*, 7 Pet. 252; *Doswell* v. *Buchanan's Ex's*, 3 Leigh, 362; *Dillard* v. *Crocker*, 1 Speer's Equity, 20; *Bush* v. *Bush*, 3 Strob. Eq. 131; *Ryle* v. *Tait's Adm'r*, 6 Grat. 44; *Cole* v. *Scott*, 3 Washington, 141.

An *actual* payment is, in general, necessary to the character of a subsequent *bona fide* purchaser for value, and giving a security or executing a bond or other obligation for payment is not sufficient. *High* v. *Batte*, 10 Yerg. 555; *Murray* v. *Ballou*, 1 Johns. Ch. 566; *Christie* v. *Bishop*, 1 Barb. Ch. 105; *Heatly* v. *Finster*, 2 Johns. Ch. 15; *Jackson* v. *Cadwell*, 1 Cow. 622; *Jewett* v. *Palmer*, 7 id. 65, 265; *McBee* v. *Sollis*, 1 Strob. Eq. 90; *Hunter* v. *Sumrall*, 3 Littel, 62; *Nace* v. *Boyer*, 30 Penn. 110; *Boone* v. *Childs*, 10 Pet. 177, 211; *Villa* v. *Rodriguez*, 12 Wall. 223, 238.

In holding that actual payment is generally necessary to the character of a purchaser for value, we do not mean to decide that where the purchaser has executed negotiable securities which have been actually negotiated, so as to render him liable thereon to the holder, he would not, in such case, be entitled to protection as a *bona fide* purchaser, but that actual payment, or what is equivalent thereto, before notice is indispensable to the character of a purchaser for a valuable consid-

eration. This results from the language of our statute, and also from the doctrine, that when the only feature of the transaction is the transfer of the title from one party to another, all the equities which attended it in the hands of the grantor follow it into those of the grantee, and he cannot claim exemption therefrom unless there has been some payment or expenditure on his part, without notice of their existence, which would render it inequitable to enforce them against him. See *Sillyman* v. *King et al., supra ; Warner* v. *Winslow,* 1 Sandf. Ch. 430; 2 Lead. Cases in Eq. 77, 78; notes to *Bassett* v. *Nosworthy.*

In the courts of England, it is held that to raise a countervailing equity in behalf of a subsequent purchaser, the consideration must be paid in full before notice. In this country the courts are divided in opinion, and while some of them hold to the English rule, others hold that partial payments entitle the purchaser to be reimbursed the amount paid before notice, and some have held that partial payment is sufficient to sustain the purchase.

The doctrine which denies the purchaser any relief whatever, unless there has been full payment previous to notice, is sanctioned by the cases before cited, and also by *Wormley* v. *Wormley,* 8 Wheat. 421.

In *Youst* v. *Martin,* 3 S. & R. 423, the supreme court of Pennsylvania held that partial payment of the purchase-money before notice, although not sufficient to invest the vendee with the character of a *bona fide* purchaser as regarded the estate purchased, yet that it did entitle him to invoke the aid of the equitable principle, that he who asks equity must do equity and reimburse the amount actually paid. The same doctrine is sustained by the following cases: *Bellas* v. *McCarty,* 10 Watts, 13 ; *Wood* v. *Mann,* 1 Sumn. 506 ; *Jewell* v. *Jackson,* 2 Harris, 519.

This doctrine rests upon sound equitable principle. The cases all agree in holding that payment in full of the consideration before notice, entitles the purchaser to protection to the full extent of the estate purchased. Upon the same principle

he should be entitled to protection to the extent of reimbursement when he has made partial payment before notice; and cases may arise as where only a small part of the purchase-money remains unpaid, in which the purchaser ought to be protected, even to the full extent of the estate purchased.

In the case before us, however, the most that can be said is that only one dollar of the purchase-money has been paid, the balance being represented by a bond made by the purchaser, which is still held by his vendor, and upon which he is not liable in the event of a failure of the title attempted to be conveyed. The plaintiff, therefore, cannot be regarded as a purchaser for a valuable consideration before notice of Chapman's prior equity, although in a proper case he may be entitled to reimbursement of the amount actually paid prior to such notice and to a lien therefor upon the estate purchased.

The judgment of the district court will be

Affirmed.