O'BRIEN v. HARRISON ET AL.

1. **Judicial Sale:** PURCHASE UNDER JUDGMENT SUBSEQUENTLY REVERSED: STATUTE CONSTRUED. Under section 3199, of the Code, which provides that "property acquired by a purchaser, in good faith, under a judgment subsequently reversed, shall not be affected by such reversal," *held*, that a purchaser who does not pay the full amount of his bid, but only the costs in the case, is not a purchaser in good faith; nor is the grantee of such purchaser, who pays to his grantor only the money paid by such grantor, in any better position than such grantor; nor can one who acted as the attorney of the judgment plaintiff, both in the court below and in the Supreme Court, and who is chargeable with actual knowledge of the appeal, acquire from such grantee of the original purchaser any better title to the land than such grantee himself had.

2. **Practice on Appeal:** ORDER TO LOWER COURT TO APPORTION COSTS: FAILURE TO MOVE THE COURT. Where a judgment including costs is reversed, and the decree of the appellate court directs the court below to make an equitable apportionment of the costs in that court, and reserves to the defendant the right to move at the next term for such apportionment, this decree clearly implies that the original judgment for costs is not left standing, and the neglect of the defendant to move the court for an apportionment of the costs will not have the effect to keep the original judgment for costs against him in force.

3. **Defective Judicial Sale:** ABANDONMENT OF LAND BY JUDGMENT DEBTOR: ESTOPPEL. Where land was sold under a judgment which was reversed on appeal, and the purchaser was not a good faith purchaser, the fact that the judgment debtor, after the sheriff's sale, abandoned the land and removed from it certain buildings, does not estop him to recover possession under his title.

4. **Practice in the Supreme Court:** ABSTRACT NOT CONTROVERTED DEEMED TRUE: TRIAL DE NOVO. Where appellant's abstract stated that it contained all the evidence, and appellees, though filing an additional abstract purporting to set forth the evidence, did not, until the argument, claim that the evidence was not all before the court, and that, therefore, the case was not triable *de novo*, *held* that the objection was

raised too late, and that the court must regard the appellant's abstract, as supplemented by that of the appellees, as containing all the evidence, and that the case must be tried *de novo.*

5. **Defective Judicial Sale:** LIEN OF PURCHASER FOR MONEY PAID. Where land was sold on a judgment which was reversed on appeal, though the judgment debtor was allowed to recover the land of the purchaser's grantee in an action for that purpose, yet it was, *held* that such grantee should have judgment against the owner of the land for the amount paid the sheriff on the sale.

A petition for re-hearing was overruled.

SEEVERS, C. J., unable to concur in the opinion on rehearing, and unable, also, upon reconsideration, to concur in some of the points determined in the original opinion, *dissents.*

*Appeal from Palo Alto District Court.*

SATURDAY, OCTOBER 21.

ACTION to quiet the title to certain land. The defendants by a cross bill set up title to the land in defendant, T. W. Harrison, and prayed that his title be quieted. There was a decree dismissing plaintiff's petition and quieting the title in defendant, T. W. Harrison. Plaintiff appeals.

*Soper & Crawford,* for appellants.

*T. W. Harrison,* for appellees.

BECK, J.—I. The conflicting titles of the respective parties to the land in controversy have a common source in John O'Brien. The plaintiff claims the land under a deed executed by him. Defendant, T. W. Harrison, claims the land under a sheriff's deed, made pursuant to a sale upon a judgment in favor of John O'Brien against plaintiff in this case, in an action upon a contract between the parties, whereby it was claimed plaintiff became bound to support John O'Brien, his father. Upon this judgment a sheriff's sale and deed were made to James R. White, who conveyed the land to Catherine Murry, and she conveyed it to defendant, T. W. Harrison. We are required to pass upon the validity of the title under

the sheriff's deed. We find the following facts upon the evidence presented in the record, which are to be considered in the decision of the case:

1. The judgment upon which the land was sold was rendered May, 1876, and execution issued thereon the July following, and in August it was levied upon the land in controversy.

2. Prior to the sale John O'Brien died, having disposed of his property by will. Catherine Murry is a devisee under the will. She is a daughter of the devisor, John O'Brien.

3. Before the sale of the land upon execution, but after the levy, William O'Brien, the defendant in the judgment and the plaintiff in this case, perfected an appeal, but did not supersede the judgment.

4. The land was sold to James A. White, without redemption, and a deed immediately executed, for the reason that an appeal had been taken in the case. White conveyed to Catherine Murry, and she to defendant, T. W. Harrison.

5. By the decree in the action, it was declared that the title of the land in controversy was vested in William O'Brien and judgment was rendered against him for $895.75 and costs. Upon the appeal, this court decided that John O'Brien, was not entitled to recover a money judgment against William, and that William's title to the land in dispute was valid. See 47, Iowa 392. But in the action, another matter was involved. There was a contract between the parties that John should convey to William certain other lands in consideration of the support of John and his wife. It was held upon the appeal, that, under this contract, neither party was entitled to affirmative relief, further than that the contract, so far as it constituted a cloud upon the title of the land described in it, should be set aside and declared of no effect. A decree, in accord with this opinion was entered in this court. By this decree William recovered the costs of the appeal, but it was ordered that the court below should make an equitable apportionment of the costs of that court in harmony with our

decision, and the right of William, by motion at the next term of the court below, to demand such apportionment was secured by the decree.

The decision and decree of this court was after the sheriff's sale and deed, and the deed executed by White to Catherine Murry. The deed to Harrison by Murry was executed before that decree.

The foregoing are undisputed facts of the case. Other matters, about which there is conflict of evidence, will be hereafter stated.

II. It appears from the foregoing statement that defendant's title is based upon a sheriff's sale and deed, under a judgment which was subsequently reversed and set aside on apppeal to this court. We must now determine whether plaintiff's title is divested by the sale and deed. Code, section 3199, provides that "property acquired by a purchaser in good faith, under a judgment subsequently reversed, shall not be affected by such reversal." The defendant and his grantors under the sheriff's deed must be shown to be good faith purchasers to authorize a decision supporting the validity of that deed.

*1. JUDICIAL sale: purchase under judgment subsequently reversed: statute construed.*

A claimant of land, who has not paid in full therefor, cannot be regarded as a good faith purchaser. *Kitteridge v. Chapman,* 36 Iowa, 348; *Syllyman v. King,* 36 Iowa, 207.

The evidence clearly shows that White did not pay his bid made at the sheriff's sale for the land. He paid the costs, amounting to $146.70, and no more. The land was conveyed by White to Catherine Murry, for the consideration of $1200, but she paid to White only the sum which had been paid by him. Under the rule above stated, these parties are not *bona fide* purchasers.

With Harrison the case is no better. He was the attorney of John O'Brien, both in the Supreme Court and the court below, and is chargeable with knowledge of the appeal and all proceedings had in the case. We reach the conclusion that

VOL. LIX—44

O'Brien v. Harrison.

White, Murry, and Harrison cannot be regarded as good faith purchasers under the judgment and execution.

III. Defendants insist that their title is valid, upon the ground that, by the terms of the decree of this court, there remained in the court below a valid judgment for costs, which would support the sale before made. The position is based upon the final decree in this court. After judgment for costs, and an order for execution, the following language is used: "the court below to make such an equitable apportionment of the costs therein as seems proper in view of the findings of this court; and the rights of the defendant, by motion, at the next term of said court, to have such equitable apportionment of costs is hereby reserved." It will be remembered that, preceding this order, the decree sets aside the judgment against defendant and quiets his title to the land in question.

**2. PRACTICE on appeal: order to lower court to apportion costs: failure to move the court.**

Defendants now insist that the provision of the decree above quoted, and the defendant's failure to move for an equitable apportionment of the costs, leave the judgment for costs standing. But it is very plain that this position is in conflict with the language of the decree under consideration. It expressly provides for, and directs the court below to make, an equitable apportionment of the costs. In this case it clearly implies that the judgment for costs shall not stand, but that a new judgment for costs, after the matter is acted upon, shall be entered. The judgment reversed was an absolute judgment against the defendant for all the costs. Our decree directs that the matter of costs be re-adjudicated by the court below, and of course it implies that, upon such adjudication, a judgment should be entered, to take the place of the one reversed and set aside.

The provision of the decree that the defendant shall be secure in the right to move for an equitable apportionment of costs, does not nullify the preceding provision, nor authorize the conclusion that, if he failed to so move, the judgment shall stand. It simply indicates the method to be pursued by

O'Brien v. Harrison.

the defendant to secure this action by the court below. We conclude that the failure of the defendant to move for an equitable apportionment of the cost did not give validity to the judgment which was set aside, nor in any manner cut off or predjudice his rights.

IV. The plaintiff in this case, the defendant in the former case, it is urged by the defendants herein, after the sheriff's **3. DEFECTIVE** sale abandoned the possession of the land in con-**judicial sale: abandonment** troversy and removed from it certain buildings. **of land by judgment** We see no reason why this act should defeat his **debtor: estoppel.** title to the land. The abondonment of the occupancy of the lands, without more, would not estop him to recover its possession under his title.

V. Defendants insist that the case cannot be tried *de novo* upon this appeal, for the reason that the abstract fails to set **4. PRACTICE** out all the evidence. But the abstract expressly **in supreme court: ab-** declares that it does contain all the testimony, and **stract not controverted** defendants filed an amended abstract, and did **deemed true: trial de novo.** not, until the argument, claim that the evidence is not all before us. We must regard the testimony as being fully before us. *Cross v. B. & S. W. R. R. Co. et al.*, 51 Iowa, 683; *Starr v. City of Burlington*, 45 Iowa, 87.

VI. By an amended petition, the plaintiff tendered to defendant the sum of $208.75, being the amount paid to the sheriff upon the sale of the land, with interest. **5. DEFECTIVE** It has been held that the purchaser who pays but **judicial sale: lien of pur-** a part of the purchase money, and is, therefore, **chaser for money paid.** chargeable with notice of outstanding equities, is entitled to a lien upon the land for the sum paid by him. See *Kitteridge v. Chapman, supra*.

In view of this rule and the tenders made by the plaintiff, the defendant is entitled to recover the amount tendered, and will have judgment therefor without costs.

As the conclusions we have announced in the foregoing discussion are decisive of the case, questions involving other points discussed by counsel need not be considered.

REVERSED.

SUPPLEMENTAL OPINION.

BECK, J.—A petitition for rehearing has been filed in this case, which, under the statute, has been supported by an oral argument made by defendant's counsel. We have, upon the petition, re-examined the case, and remain well satisfied with the conclusion and arguments of the foregoing opinion.

A brief reference to two points made in the petition for rehearing is proper, in order to correct a clerical mistake occuring in our opinion, and to make plain the position that the case is triable *de novo* in this court.

I. It is stated in the opinion that the deed to Harrison was executed before the decree was rendered under which the sheriff's sale was had. The deed in fact was after the decree. The mistake is unimportant, as Harrison could not be regarded as a good faith purchaser upon the facts stated, even although he purchased before the decree.

II. Defendants insist that the case is not triable *de novo* by reason of the following facts: Upon the trial in the District Court the plaintiff offered in evidence the printed abstract filed in this court in the case wherein the judgment was rendered upon which the land was sold. The abstract in this case does not set out that abstract, but refers to it as being filed in this court. The defendants, appellees in this case, filed an amended abstract of great length, purporting to set out evidence in the case. It is nowhere stated or claimed therein by defendants that the two abstracts, the original and amended, fail to present all the evidence. The amended abstract contains many records, as executions, returns, etc,. besides testimony of witnesses, some of which, it may be presumed, were found in the abstract in the former case.

It is the settled rule of the court that when an amended abstract is filed, in the absence of a claim or allegation therein that it does not with the original abstract present all the evidence, we will presume that all the evidence is before us.

Counsel for defendants cite decisions of the court to the ef-

fect that, when an abstract shows upon its face that it does not contain all the evidence, we will not try the case *de novo*. But these decisions were made in cases wherein amended abstracts were not filed. They are, therefore, not in conflict with our conclusion upon this point of the case now under consideration.

The presumption that the amended abstract supplied all evidence in the case is sustained by the consideration that our attention has not been called to a single fact relied upon by either party, which is claimed not to be before the court, for the reason that all the evidence is not found in the two abstracts.

It is fair to presume that evidence of all facts thought important by defendants, which was omitted in the original abstracts, is found in the amendment thereto filed by them. Surely, when the defendants presented an amended abstract for the avowed purpose of making the evidence before us complete, it must be presumed, in the absence of anything to the contrary appearing therein, that they presented in their amendment all evidence omitted by the abstract filed by the other side. We are authorized to presume that, when the amended abstract was filed, defendants were content to try the case upon the evidence presented to us.

The only office of an amended abstract is to supply omissions and make corrections of the original abstract. We will presume that all omissions and corrections are made in an amended abstract unless the contrary is therein shown.

The petition for rehearing is overruled.

SEEVERS, CH. J.—I am unable to concur in the foregoing, and, upon reconsideration, I am unable to concur in some of the points determined in the original opinion, and therefore file this dissent.