**CAPITAL FINANCE CO.**, Appellant v. **KARP**, et, Appellees.

Ohio Appeals, First District, Hamilton County.

No. 6481. Decided February 5, 1945.

Mr. Cedric Vogel, Cincinnati, for appellant.
Mr. John H. Doyle, Cincinnati, for appellees.

**OPINION**

BY MATTHEWS, J.

This is an appeal from a judgment of the Court of Common Pleas of Hamilton County, affirming a judgment of the Municipal Court of Cincinnati in favor of the defendants. By defendants, we do not include the mortgagor who was made a party to this action.

The action is in replevin. The plaintiff based its right to possession on two chattel mortgages, both of which were in default. One had been duly filed in compliance with §8561, GC. The other had not.

The trial court found that the plaintiff did not own the mortgage that had been filed at the time this action was instituted. Certainly, the written assignment was not executed until several days after the action was begun. We cannot say that there was no substantial evidence to support the finding that the plaintiff did not have title to the cause of action on that chattel mortgage at that time.

This leaves for consideration the issues raised as to the plaintiff's rights under the unfiled chattel mortgage. By §8560 GC, such a mortgage is made "absolutely void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith." Such unfiled mortgages are valid as to all others. As the validity of this mortgage between the original parties is undisputed and as the plaintiff, as assignee, stood in the position of the mortgagee, the question reduces itself to an inquiry as to whether the defendants are purchasers in good faith.

Stated most favorably to the defendants, the facts are, that on August 26th, 1943, one of the defendants, in response to a telephone call from the mortgagor, went to his residence, bought this property for $126.00, made a nominal payment of $1.00 thereon, and agreed to pay the balance upon delivery. At that time the mortgagor represented that there were no incumbrances upon the property. The next day and before delivery, the defendants discovered the filed chattel mortgage which secured a debt of $21.09. Thereupon, they sent a truck for the furniture. The employee in charge carried a

written request to the mortgagor to allow the property to be taken to the defendants' store, and for him to come to the store. The mortgagor complied and shortly after the mortgagor and the property arrived at the store an employee of the plaintiff also arrived and a meeting was had at which one of the defendants told the mortgagor of the discovery of the filed mortgage and the plaintiff's employee informed the defendants of its unfiled chattel mortgage. An attempt was made to adjust the claims of the parties during which the mortgagor paid the defendants $21.09, the amount due on the filed mortgage. Just why this was done, in view of the fact that the defendants still owed $125.00 on the purchase price, is not clear. The meeting dissolved without any agreement being reached and with the defendants still owing $125.00 on the purchase price, and still having the $21.09, which the mortgagor had paid to them. The defendants at a later date refunded the $21.09, but still owe all but $1.00 on the purchase price, and had possession of the property.

A few days thereafter the plaintiff filed this action in replevin against the defendants, to recover possession of the property.

Counsel have cited many cases to make manifest the common law rule as to when title passes under a contract for the sale of personal property, and have cited various sections of the Uniform Sales Act (§§8398 and 8399 GC) and cases construing its terms upon the same subject. These authorities are relevant to show that title had passed as between the mortgagor and the defendants, but they fail to answer the question as to whether the defendants were purchasers in good faith, within the meaning of §8560 GC.

Are the defendants, who at the time they received notice of plantiff's unfiled chattel mortgage had only paid $1.00 on the purchase price and had received $21.09 from the mortgagor to satisfy the filed mortgage, purchasers in good faith?

In **40 O. Jur., 1023,** it is said:

"In accordance with the general rule, a purchaser without notice is protected only when the purchase money has been paid or the purchaser has changed his position before notice. A purchaser who executes and delivers notes without notice of prior rights, but receives notice before he pays the notes, while they are still in the hands of the payee, is not a bona fide purchaser; * * *"

This is the rule in most, if not all, jurisdictions. In 46 Am. Jur., 631, the general rule is stated:

"Notice acquired by the buyer after the purchase, but before he has paid the price, ordinarily prevents his receiving protection as a bona fide purchaser. It is essential to constitute one a bona fide purchaser from a fraudulent purchaser that a valuable consideration shall have passed before notice of the fraud."

The subject of the elements of a bona fide purchaser status as against an unfiled or unrecorded mortgage is discussed in the annotation to La Fon v. Grimes, (86 Fed. (2d) 809) in 109 A. L. R. 156, at 166, where the result of the cases is stated to be:

·"The general rule is that a subsequent purchaser without notice who is protected by the recording laws as against a prior unrecorded deed or mortgage is not entitled to protection to the extent of the part of the consideration that he has not paid when he receives notice of the prior conveyance."

And, at 167, the annotator summarizing the opinion in Kitteridge v. Chapman, 36 Iowa, 348, says:

"A purchaser who ——— has paid only $1.00 could not be regarded as a bona fide purchaser."

This has also been held in Ten Eyck v. Whitbeck, 135 N. Y. 40, and Dunn v. Dunn, 136 N. Y. Supp., 282.

As the defendants had only paid $1.00 at the time they received notice of the unfiled mortgage and even as to that could have protected themselves, the unfiled mortgage was as effective as to them as it was as to the mortgagor. The mortgage being in default, the plaintiffs were entitled to the immediate possession of the property embraced within its terms.

For these reasons, the judgment is modified, and as the facts are undisputed, this Court renders final judgment for the plaintiff for the chattels described in the unfiled mortgage. The judgment will be so modified and affirmed as modified, at the costs of the appellees.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabus and opinion.