Kinney v. Slattery.

KINNEY v. SLATTERY ET AL.

1. **Adverse Possession:** STATUTE OF LIMITATIONS : TENANT IN COMMON. While the seizin and possession of one tenant in common is the seizin and possession of both, still if the tenant in common assumes to convey the entire estate to a third person, such conveyance will operate as a disseizin of his co-tenant, and the grantee in such conveyance, by going into and holding adverse possession under such deed for more than ten years, will have acquired a title barring the co-tenant of his grantor from asserting any right therein.

*Appeal from Buchanan Circuit Court.*

TUESDAY, JUNE 10.

JANE DOBBINS was the owner of one hundred and sixty acres of land in Buchanan county. She died intestate in the year 1860, leaving no husband surviving her. Her son, W. C. Dobbins, and a daughter, Ann. E. Dobbins, plaintiff herein, who has since married J. W. Kinney, were her only heirs. On the 23d day of June, 1862, said W. C. Dobbins conveyed the land as his own, by a deed with the usual covenants, to one A. E. Dutton, for a full consideration. The defendant Slattery holds the land by a regular chain of conveyances from said Dutton. This action was commenced by said Ann E. Kinney on the 13th day of December, 1875, to recover the undivided half of said land. The answer avers that the defendants have been in the actual, open, visible, and adverse possession of said land for more than ten years prior to the commencement of the action, and that they have made valuable improvements thereon. The cause was tried upon written evidence, and it was decreed that plaintiff's petition be dismissed, at her costs. Plaintiff appeals.

*C. E. Ransier* and *Hanna, Fitzgerald & Hughes*, for appellant.

*H. W. Holman, Lake & Harmon* and *Bruckart & Ney*, for appellees.

ROTHROCK, J.—The evidence is imperfectly abstracted, but it seems to be conceded by appellant in argument that the defendant Slattery and those under whom he claims were in the actual, open, continuous and adverse possession of said land, under color of title and claim of right based upon the conveyance from W. C. Dobbins, for more than ten years prior to the commencement of this action, and the court below so found in its decree.

<div style="margin-left:2em; font-size:small;">
1. ADVERSE possession: statute of limitations: tenant in common.
</div>

It is undoubtedly correct, as claimed by counsel for appellant, that the seizin and possession of one tenant in common of real estate is seizin and possession for the use of the others, and under such seizin and possession, however long continued, no title based upon adverse possession can be acquired. *Burns v. Byrne et al.*, 45 Iowa, 285; *Campbell v. Campbell*, 13 N. H., 488. But the conveyance of the land by W. C. Dobbins as his own, and the possession taken by his grantee under such conveyance, evinced a claim of exclusive right and title, and a denial of the right of the plaintiff. This amounted to an *actual ouster* and disseizin of the plaintiff. *Burns v. Byrne, supra*.

The record of the deed from W. C. Dobbins to Dutton, accompanied by the actual and notorious possession of the land by his grantee, was notice to the plaintiff of the adverse claim. She was charged with notice of what the deed conveyed and of all that the grantee acquired under it.

In *Horne v. Howell*, 46 Georgia, 9, where a tenant in common conveyed the whole lot to a third person, and the grantee took possession, claiming the entire lot as his own, it was held that such acts constituted a disseizin and ouster of the other tenants in common, and barred them from asserting their right to such property after the lapse of the period fixed by the statute of limitations. That such acts of one tenant in common will amount to an actual ouster of his co-tenant, see, also, *Nelson v. Davis*, 35 Ind., 474.

<div style="text-align:right;">AFFIRMED.</div>