## HUME ET AL. v. LONG ET AL.

1. **Tenants in Common**: STATUTE OF LIMITATIONS. Where the devisees of an undivided portion of a tract of land recovered possession of the whole tract, in an action against an adverse claimant to which other devisees of the remaining portion were not made parties, it was held that the latter continued to be tenants in common with the former in the property; and that an action by their heirs to recover their interest, commenced within a short time after they first learned of the will making the devise, was not barred by the statute of limitations.

2. ———: ———: OUSTER. The execution by certain of the tenants in common of quit-claim deeds to their interest in the property, and the conveyance by one of them of a small portion of it by a warranty deed, would not constitute an ouster of their co-tenants.

*Appeal from Cedar District Court.*

THURSDAY, APRIL 8.

THIS is an action in equity for the recovery of an undivided interest in the southeast quarter of section thirty-three, township number eighty, range three. The plaintiffs, the heirs of Robert Hume, claim an undivided thirty-five acres of said land. The other plaintiffs, the heirs of Parker Long, claim an undivided forty acres of said land. All of the plaintiffs claim under the will of Robert Long, deceased. The court granted the plaintiffs the relief prayed for. The defendants

appeal, and rely, in their argument, solely upon the statute of limitations. The facts are stated in the opinion.

*Piatt & Carr*, for the appellants.

*Sylvanus Yates*, for the appellees.

DAY, J.—Robert Long died in Ohio, in 1843, seized of the property in controversy, and leaving a will, containing the following provisions: "In the first place, I wish and require that after the collection of the notes, or a sufficient part of them, now in the hands of David Allen, in the Territory of Iowa, given for property sold by me, to be applied for the purchasing of one hundred and sixty acres of land adjoining or near the one hundred and sixty acres now owned by me in Cedar county, Territory of Iowa; both of which tracts I bequeath as hereinafter' stated, viz:

1. TENANTS in common: statute of limitations.

" I give and devise to Emanuel J. Hilton and his heirs, forever, fifty acres of land out of the above tracts. I give and bequeath to Robert Hume and his heirs, seventy acres out of the foregoing tracts of land. * * * I give and bequeath to my son Edwin Long and his heirs, ninety acres out of the above lands. I also give and bequeath to my son Parker Long, eighty acres out of the above lands. * * * I give and bequeath to Elizabeth McKinnen, thirty acres out of the foregoing lands, to her and her heirs."

No other land belonged to Robert Long, at the date of his death, than the one hundred and sixty acres in controversy, and no purchase of other one hundred and sixty acres was made, as directed in the will.

On the 6th of March, 1845, a special administrator of the estate of Robert Long was appointed, in Muscatine county, Iowa. Such special administrator obtained an order of said court to sell the land in controversy; and, on the 3rd day of January, 1846, he sold it to one Kimberly. Kimberly sold the land to Thomas Burnett on the 9th day of January, 1850.

On the 25th day of March, 1859, William C. Long, Lucinda Hume, Oscar D., Joseph and Thomas Long, by their next friend Emanuel J. Hilton, Edwin Long, Sarah Ann Hilton, Elizabeth McKinnen, by E. J. Hilton as her next friend, commenced an action against Kimberly for the recovery of the possession of the land in controversy, alleging that they were the owners thereof. Afterward the petition was amended by striking out the name of William C. Long, as one of the plaintiffs. At the time of the commencement of this action Robert Hume was, and for a long time prior thereto had been, insane. He was not made a party to this proceeding. In that suit Burnett was divested of his title, and it was adjudged that the title to the property in controversy vest in Emanuel Hilton, Lucinda Hume, Edwin Long, the heirs of Parker Long, deceased, Oscar D., Thomas and Joseph Long, and Elizabeth McKinnen, as the heirs and representatives of Robert Long, deceased. Burnett appealed to the Supreme Court, and the judgment of the court below was affirmed in June, 1862. On the 23d day of April, 1862, Emanuel J. Hilton and Edwin Long deeded by quit-claim the undivided one-half of said land to J. Scott Richman & Bro. and Bissell & Sweneford. On the 17th day of May, 1862, Lucinda Hume deeded, by quit-claim, all her right, title and interest in said land to Emanuel J. Hilton. On the 21st day of July, 1862, the said Emanuel J. Hilton deeded, by quit-claim, all his right, title and interest in said lands to Elizabeth Long, wife of William C. Long. On the 25th day of January, 1869, Bissell & Sweneford deeded, by quit-claim, all their interest in said lands to William C. Long. On the 7th day of January, 1863, J. Scott Richman & Bro. deeded, by quit-claim, all their interest in the land to Wm. C. Long. W. C. Long and wife took possession of the land in controversy in 1862, and have continued in possession to the present time, and W. C. Long has sold a strip twenty rods wide off of the north end of it. The land is timber land, only fifteen acres of it being in cultivation. Robert

Hume, one of the devisees under the will of Robert Long, died in Ohio, on the 30th of January, 1860, intestate and insane. He left surviving him his widow, Lucinda Hume, who died at the residence of W. C. Long, in Iowa, December 25th, 1872; Lucinda, who died aged about eleven years, and the plaintiffs, Amanda Johnson, William O. Hume, Amanda J. Mueller, Susan A. Hume and Sarah Herman.

Parker Long, also mentioned as a devisee in the will of Robert Long, deceased, died December 19, 1856. His only children are the plaintiffs, Joseph Long and William B. Long.

Elizabeth McKinnen, a devisee in the will of Robert Long, was an illegitimate child of Lucinda Long, who married Robert Hume. Elizabeth McKinnen died in 1858, unmarried, intestate, and without issue, leaving her mother, Lucinda Hume, her sole heir.

The children of Robert Hume, and the children of Parker Long, are the plaintiffs in this action. They seek to establish their title and claim to a portion of the land, as against the defendants, W. C. Long and wife. As has been already stated, the defendants rely alone upon the statute of limitations.

The plaintiffs insist that they are tenants in common with the defendants of the property, and that the statute of limitations does not run against them. The defendants insist that they did not derive title from the common ancestor, but from an antagonistic source; that the judgment in the case against Burnett does not recognize the plaintiffs as being owners of any interest in the land; that the parties who procured for themselves the title by the judgment in that case did not recognize plaintiffs as having any interest, and that the deeds of conveyance to the defendants Long, covered all the land in question. Before the judgment in the suit against Burnett it cannot be questioned that the plaintiffs and the grantors of the defendants were tenants in common of the property. The petition in the Burnett case alleges that the heirs of Parker Long, viz: Oscar D. Long, Thomas Long

and Joseph Long, are entitled to an undivided forty acres of the land. The judgment finds that the heirs of Parker Long have an interest in the land. The mistake in the petition, and in the judgment, is in naming the heirs of Parker Long as being three, Oscar D., Thomas and Joseph, instead of but two, Joseph and William B.; Oscar having died before the action was commenced, aged seven years. It cannot, therefore, be claimed that this judgment vested in the other plaintiffs to that action the interest of the heirs of Parker Long, or that, as to them, it severed the tenancy in common. Robert Hume, the ancestor of the other plaintiffs, was not made a party to the Burnett action. The judgment could not, therefore, affect his rights, or in any manner change his relation to the property. After the judgment he continued a tenant in common as before. The plaintiffs, heirs of Robert Hume, all testify positively that they had no knowledge of their grandfather's will, nor of the suit against Burnett, or of their interest in the land, until about one year before the time that their testimony was taken in the case. The other plaintiffs, heirs of Parker Long, testify that they had no knowledge of their rights in the land until the other plaintiffs commenced this action, after which they became parties by intervention. There is some testimony that, in 1844, a conversation occurred with Robert Hume, in the presence of his children, in which the will in question was discussed. But at that time the oldest of the plaintiffs was but eleven years of age. There is also some further conflict in the evidence as to the knowledge of some of the plaintiffs respecting the existence of the will, but, from the whole evidence, we think it does not appear that the plaintiffs had knowledge of their interest in the property in question until a short time before this suit was commenced. The case falls within the principle of *Burns v. Byrne,* 45 Iowa, 285. It is claimed that the several conveyances to the defendants operate as an assertion of an interest in the whole premises adverse to the claim of the plaintiffs, and constituted an

2. ——: ——:
ouster.

*actual ouster* of plaintiffs, under the doctrine of *Kinney v. Slattery*, 51 Iowa, 353. But these conveyances are simply quit-claims of the right, title and interest of the grantors. The conveyance by the defendant Long of twenty rods off of the north end, being a conveyance of but a part of the premises, does not, under the doctrine of the above case, amount to an assertion of title in severalty to the whole. We think the statute of limitations does not bar the plaintiffs' action.

AFFIRMED.