## LARAWAY v. LARUE.

1. **Conveyance:** BY TENANT IN COMMON: OF WHOLE INTEREST IN PART OF LAND. A tenant in common may make a valid conveyance of any undivided portion of his undivided interest of the common estate, but he cannot convey the whole interest in any portion of the land, because this would interfere with his co-tenant's right of partition. *Farr v. Reilly*, 58 Iowa, 399, followed.

2. **Title by Adverse Possession:** EVIDENCE ESTABLISHING. Defendant took a deed from one of several heirs for his undivided interest in a large quantity of land, whereupon he took possession of and improved eighty acres of it, rented it for a number of years, and collected the rents and paid the taxes, and afterwards moved upon it, and occupied it continuously as a homestead, and exercised all ordinary acts of ownership, up to the beginning of this suit—more than twenty years subsequent to the date of his deed; the co-heirs of his grantor never in the meantime making any claim to any interest in the eighty acres, though two of them lived near the land. In this action, brought by plaintiff, (who had obtained quit-claim deeds from some of the heirs,) to quiet the title in him to an undivided interest in the land, defendant testified that he bought and paid for the whole eighty, and that he supposed that he had acquired it by his deed; and his testimony was not disputed, but was strongly corroborated by all the facts, except the deed itself.

*Held* that the evidence (for which more fully see opinion) warranted the court below in finding that defendant had held possession of the land under a claim of sole ownership from the date of his deed; that his alleged co-tenants must be presumed to have had knowledge of his claim, and that he had a good title by adverse possession as against the plaintiff.

3. **Title to Real Estate:** INNOCENT PURCHASER: WHO IS NOT. One who purchases land in the possession of another, with actual knowledge of facts which render such possession adverse to his grantor, cannot claim to be an innocent purchaser, especially where he claims under a quit-claim deed.

*Appeal from Muscatine District Court.*

THURSDAY, APRIL 24.

ACTION to quiet title to an undivided half of eighty acres of land in Cedar county, being the E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 33, township 79 north, range 4 west. Decree was entered for the plaintiff. The defendant appeals.

*J. Scott Richman,* for appellant.

*J. Carskaddan,* for appellee.

ADAMS, J.—Both plaintiff and defendant claim under one Bernard Connelly, who was, at the time of his death, the owner of an undivided half of a tract of four hundred acres, which tract embraced the eighty acres in question. Bernard Connelly died intestate, and the plaintiff claims by purchase from his heirs. The defendant claims by purchase from one of the heirs. He also claims by adverse possession. Whether the plaintiff has proved any title in himself is one of the questions presented in argument, but we have not felt called upon to determine it, because it appears to us that, whatever title, if any, the plaintiff acquired, the defendant must be sustained upon his plea of adverse possession.

The title which the defendant acquired, if any, he acquired by deed from Edward S. Connelly, heir of Bernard Connelly. Now, while he claims that he supposed that Edward S. was the sole owner of the eighty, and that Edward S. undertook

to sell him the entire eighty, and took his pay therefor, yet the deed to the defendant purports to convey only an undivided interest in the eighty, and the eighty is a part of the larger tract in which Edward S.'s undivided interest was held. In *Farr v. Reilly*, 58 Iowa, 399, it was said: "While a tenant in common may make a valid sale of any undivided fraction of his undivided interest which he sees fit, he cannot be allowed to sell his interest, or any portion thereof, in a part of the premises by metes and bounds, because this would interfere with his co-tenant's right of partition;" citing *Peabody v. Minot*, 24 Pick., 329, and other cases. It may well be doubted, then, whether the deed conveyed anything as against the grantor's co-tenants. But no point of this kind is raised by counsel, nor is it material, so far as the question of adverse possession is concerned. Even though we should conclude that the deed is invalid, it would constitute evidence that the defendant took and held possession as a supposed purchaser. The difficult question to be determined is as to whether he took and held possession under the supposition that he was a mere tenant in common. Looking at the deed alone, and the mere fact that he took and held possession under it, we could not say that the possession was adverse.

1. CONVEY-ANCE: by tenant in common: of whole interest in part of land.

The inference would be that the defendant held for himself and his co-tenants, and not adversly to them. But we are not bound to look at the deed alone, and the fact that he took and held possession under it. The true point of inquiry is, did he hold possession with a claim of sole ownership, and with knowledge of his claim on the part of his co-tenants?

2. TITLE by adverse possession: evidence establishing.

We come, then, to inquire more definitely into the special facts of the case, as they are shown by the evidence. *First*, we find it necessary to set out a copy of the description of the property as contained in the defendant's deed. He testified, in substance, that he bought and paid for the entire eighty, and supposed that he acquired it by his

deed. While there is nothing in the deed that should lead an intelligent person to a conclusion that it conveyed the entire eighty, it is by no means certain that an ignorant person might not be led to such conclusion. The grantor describes the interest conveyed as "all the right, interest and claim in and to my undivided interest to a lot of prairie land situated in Cedar county, and belonging to and a part of the following described tract situated in Cedar and Muscatine counties, Iowa: The south half of the northeast quarter, the northeast and northwest subdivisions of the northeast quarter, and the northwest quarter, of section four, in township seventy-eight north, and the east half of the southeast quarter of section thirty-three, in township seventy-nine, all of range four west of the fifth principal meridian. To have and to hold the said undivided interest of the said prairie land unto the said John Larue, his heirs and assigns forever." It will be seen that it is not impossible that the defendant might have understood that his grantor's interest in the whole tract of four hundred acres had been regarded and agreed upon as equivalent to the entire eighty in Cedar county, though no legal partition had been made, and that the grantor, while intending to convey the entire eighty, described the interest conveyed as an undivided interest, because no legal partition had been made.

When we look further into the evidence, we discover that it is not only possible, but highly probable, and almost certain, that the defendant understood that he was acquiring the entire eighty. He not only so testified, but he is strongly corroborated by undisputed facts. The deed was made in March, 1854, more than twenty years prior to the commencement of this action. The land was wild prairie. The defendant took possession at once, paid the back taxes, broke and fenced the land, and built a good common farm house, 16 by 24, and also barns, stables and cribs. He rented it for six years and collected the rents. Afterwards he moved upon it, and occupied it continuously as a homestead, and kept the

taxes paid. The land came to be worth from forty to fifty dollars an acre. No one of the heirs claimed an interest in the land during this twenty years, nor claimed any rents or profits, though two of them lived near the land. No claim was made by any one until the plaintiff, who obtained quit-claim deeds from some of the heirs, made it. Not a word of testimony from any one of the heirs is introduced, and the defendant's testimony stands undisputed, that he bought and paid for the entire eighty. We cannot think for a moment that the defendant supposed that he was a mere tenant in common, and held with half a dozen others, as the plaintiff contends that he did. The case differs materially from *Burns v. Byrne*, 45 Iowa, 285; *Hume v. Long*, 53 Id., 299; and *Moore v. Antill*, Id., 612, cited and relied upon by the plaintiff. It differs also from *Flock v. Wyatt*, 49 Id., 466. The defendant in that case owned indisputably six sevenths of the property, and those who owned the other seventh were persons related to him, and were minor children. His improvements did not have the same significance, as evincing a claim of sole ownership, as did the defendant's in the case at bar. The circumstances were different. The defendant entered as a purchaser and stranger. His interest, if the plaintiff's theory is correct, was only one-twelfth. With such interest, if that was all he claimed, it is inexplicable that he should have proceeded to convert the eighty acres of wild prairie into a farm, breaking and fencing it, and making a dwelling house and other farm buildings.

Did the alleged co-tenants have knowledge of the defendant's claim? We think that they did. A portion of them lived near. But, without regard to where they lived, the defendant's acts in making the improvements, and renting and collecting rents for six years, were of such a notorious character that the alleged co-tenants must be presumed to have had knowledge of the claim.

The plaintiff, however, relies in part upon certain proceedings in partition, commenced after the defendant's purchase,

and to which proceedings the defendant was made a party. As to these proceedings the evidence shows that the defendant was told that he would not be affected by the decree, and he made no appearence. The evidence also shows that he understood that he was not affected by it. He continued to occupy, as before, and apparantly under the same claim. Besides, the partition was not complete. No decree was entered defining Larue's interest. Certain land was set apart specifically to others, but none specifically to him, and no attempt was made at a partition of the eighty acres in question. The decree, such as it was, was entered in 1860, and more than fourteen years from that time elapsed before this action was brought. We see nothing in the proceedings which should lead us to the conclusion that Larue's possession was not adverse.

The plaintiff insists, however, that he was an innocent purchaser for value. He does not deny that the defendant was

3. TITLE to real estate: innocent purchaser: who is not.

in possession, but he insists that his possession was to be referred to his deed as explanatory of it, and, being so referred, his possession would appear to be that of a tenant in common, under the doctrine of *Rogers v. Hussey*, 36 Iowa, 664, and *Bonnell v. Allerton*, 51 Id., 166. To this we have to say that the plaintiff was not an innocent purchaser, if he had actual knowledge of the facts and circumstances which rendered the defendant's possession adverse, and the evidence shows that he occupied an adjoining farm. But a conclusive answer is that he held under quit-claim deeds from the heirs, the alleged co-tenants, and he occupied no better position than they did. *Kitteridge v. Chapman*, 36 Iowa, 348; *Smith v. Dunton*, 42 Id., 48; *May v. LeClaire*, 11 Wal., 217; *Oliver v. Piatt*, 3 How., 333; *Bragg v. Paulk*, 42 Me., 502; *Boone v. Chiles*, 10 Pet., 177. In our opinion the decree of the district court cannot be sustained.

REVERSED.