S. H. CURTIS, Appellant, v. MARY L. BARBER, *et al,* Defendants, and ADALINE A. SHEPHERD, *Intervener,* Appellee.

**Tenants in common:** OUSTER: ADVERSE POSSESSION. A sheriff's
1  deed of the interest of one tenant in common followed by possession, does not amount to an ouster of the co-tenant so that title by possession adverse to his interest can be acquired by the grantee, even though he had no knowledge of the co-tenant's interest.

**Same:** NOTICE OF CLAIM OF OWNERSHIP: To constitute an ouster as
2  between tenants in common there must be actual notice of claim of title followed by hostile acts under such claim.
Evidence held insufficient to show notice of claim of exclusive ownership.

*Appeal from Bremer District Court.*— HON. CLIFFORD P. SMITH, Judge.

SATURDAY, JULY 14, 1906.

ACTION in equity by plaintiff to quiet title to certain real estate as against the defendants. Adaline A. Shepherd intervened, claiming to be the owner of an undivided one-half interest in the property, and asking that her title be established and quieted as against both plaintiff and defendants. The defendants answered the petition of plaintiff, but plaintiff only pleaded in answer to the petition of intervention. By the decree it was adjudged that plaintiff and intervener were the owners equally and in common of the property, and

title was quieted in them as against each other and the defendants.  Plaintiff alone appeals.  *Affirmed.*

*E. L. Smalley,* for appellant.

*Long, Hageman & Farwell,* for appellee.

BISHOP, J.— The property in question is a lot, forty-four feet in width, situated in the city of Waverly, Bremer county, and on November 25, 1881, was owned by one W. F. Barker.  On that date Barker conveyed by deed to L. L. Lush and the intervener, Shepherd, each an undivided one-half.  This deed was never recorded and has been lost.  In September, 1887, a sheriff's deed conveying in terms all the right, title, and interest of Lush in and to the property was executed and delivered to plaintiff, Curtis, and this deed was at once recorded.  It is the contention of plaintiff that at the time of the sheriff's deed Lush was in the sole occupancy of the property; that upon receiving his deed, and without knowledge of any rights or interests on the part of intervener, he (plaintiff) entered into sole possession, which he has retained ever since, claiming to be the owner, paying the taxes, and taking the rents and profits; and his demand for a decree as against intervener is predicated upon the assumption that his taking possession amounted to an ouster, which he asserts has been followed by possession adverse to intervener for the statutory period and under claim of title. On the other hand, it is the contention of the intervener that there was no ouster; that the possession of plaintiff has been that of a tenant in common, and not adverse, with full knowledge of her rights in the premises.

That under the Barker deed intervener and Lush became tenants in common of the property is conceded; that the possession of one tenant in common is the possession of the other is a rule well settled in law; and there can be no disseizin in favor of the one as against the other, such as will set the

statute of limitations running without an actual ouster.

1. TENANTS IN COMMON: ouster: adverse possession.

Now, while a conveyance by one tenant in common of the whole estate to a stranger will ordinarily amount to an ouster (*Kinney v. Slattery,* 51 Iowa, 353, and *Fielder v. Childs,* 73 Ala. 567, cited and relied on by appellant), still there is no warrant on reason or authority for saying that a mere relinquishment, voluntary or involuntary, by one tenant of his interest in the property can be given such effect. In such· case there is no more than a substitution of tenants. 17 Am. & Eng. Ency. 707. Thus, in the case of a simple quitclaim to a stranger by one tenant in common of his right and interest in the property, the rights of the co-tenant remain unaffected thereby. There is no ouster such as will put the statute in motion. *Hume v. Long,* 53 Iowa, 299. And as a purchaser at sheriff's sale gets only the interest which the execution debtor had in the property, that being all that the sheriff has right and authority to sell, the situation is precisely as if the debtor had made a voluntary relinquishment by quitclaim. *Weaver v. Stacy,* 93 Iowa, 683. It makes no difference that the purchaser at execution sale has no notice, actual or constructive, of the interests of a person other than the judgment debtor. As said Mr. Justice Dillon in *Hamsmith v. Espy,* 19 Iowa, 444: " In making a sale under execution, the sheriff or other public officer professes to sell only the interest or estate of the judgment debtor. He gives no warranty. The law proclaims in the ears of all who propose to buy: ' *Caveat emptor;* and look out, take notice, beware, of the title for which you bid.' " See, also, *Holtzinger v. Edwards,* 51 Iowa, 383; *Matless v. Sundin,* 94 Iowa, 111.

Having concluded, as we must, that the sheriff's deed had no effect to deprive intervener of her rights and interests

2. SAME: notice of claim of ownership.

in the property, or to put the statute in motion as against her, we proceed to inquire whether anything appears in the subsequent· relations of the parties that should be given such effect.

The evidence shows the lot to be of the value of about $4,000. Saving the presence of an old and somewhat dilapidated building, and a sidewalk at the street line, the property is unimproved. At the time of the sheriff's deed the building was actually occupied by a tenant for storage purposes, and such tenant continued a few months, paying to plaintiff $30 as rent. Thereafter, and down to 1893, plaintiff and a firm of which he was a member used the property from time to time for storage purposes as their convenience suggested; the firm making no accounting for rent. From 1893 down to the commencement of this action, a period of about ten years, the property was rented by plaintiff to one Hodges, but for what purpose does not appear. Hodges paid rent in labor at the rate of $5 per annum. Plaintiff paid the taxes and has kept the sidewalk in repair. No other improvements have been made. It is the testimony of plaintiff that the rentals of the property have not been sufficient to pay the taxes and the expense of keeping the sidewalk in repair. Intervener knew of the occupancy of the property, and says that, knowing the rentals would not pay the taxes and keep the property in repair, she made no objections thereto. Plaintiff insists that he first learned that intervener had an interest in the property in June, 1893, the information coming through a letter from Lush stating that she (intervener) was owner of an undivided half. Plaintiff went to the husband of intervener with the letter, and the subject-matter was talked over. There is some dispute between them as to what was said, but we think it fairly appears that Mr. Shepherd, who says he had charge of all his wife's business, declared for her interest in the property and for a recognition of her rights by plaintiff. Moreover, that plaintiff admitted in substance that, it being true that intervener was named as grantee in the deed from Barker, she would be entitled to a half interest in the property. Except as above indicated, plaintiff did not thereafter give notice to intervener of a claim on his part of sole ownership, and she was advised of such claim only by the

commencement of this action. Clearly enough, an ouster cannot be predicated on a state of facts as thus presented. In cases arising between tenants in common, actual notice of claim of title and hostile acts done under such claim are prime requirements to an ouster. *Casey v. Casey,* 107 Iowa, 192.

There are cases in which it has been held that, where there has been long-continued and undisturbed occupancy, actual notice of claim of ownership may be given through acts done by the occupying tenant, with the knowledge of his co-tenant, such as making valuable improvements, retaining all rents and profits, and otherwise treating the property after the manner which obtains generally in cases where absolute ownership is asserted. And such is the case of *Knowles v. Brown,* 69 Iowa, 11. But the rule of that and other like cases is not authority for holding that actual notice may arise from the mere fact that one tenant, with the knowledge of his co-tenant, makes occasional use of the property for storage purposes, and otherwise assumes to rent the same for a nominal rental insufficient in amount to pay the taxes. There is nothing in such conduct to indicate a design to oust the co-tenant of his interest. On the contrary, all may very well have been done by the occupying tenant for the protection of his own interest. *Warfield v. Lindell,* 30 Mo., 272 (77 Am. Dec. 614); *Bader v. Dyer,* 106 Iowa, 715; Casey v. Casey, *supra.* And especially must this be true where, as in this case, the occupying tenant is advised before the period of the statute has run that his co-tenant is claiming ownership, and tacitly, at least, acquiesces therein.

Our conclusion is that the decree was right, and it is *affirmed.*