W. H. O'DELL et al., Appellees, v. JOICY BROWNING et al., Appellants.

TENANCY IN COMMON: Creation and Existence—Name Inserted
1   as Grantee by Mistake—Effect. The erroneous and mistaken insertion in a deed of the names of both a husband and a wife as grantees, when the conveyance was, in fact, solely and alone for the benefit of the husband, constitutes a tenancy in common on *paper*, but not in *fact*.

LIMITATION OF ACTIONS: Nonresidence—Effect. One who has
2   been a nonresident of the state since the execution of a deed may not plead the statute of limitation in defense to an action to correct a mistake in the deed.

ADVERSE POSSESSION: Hostile Character of Possession—Posses-
3   sion under Unqualified Deed. Possession of lands is presumed to be referable to the possessor's deed if he have one,—that is,

he is presumed to have and assert a possession as strong as the terms of his deed will justify. It follows that, if his deed be an *unqualified* warranty deed of the whole of a tract, such possession is presumed to be, not only in good faith, but *adverse to all and every outstanding claim and interest* in the entire tract, even though the possessor had constructive knowledge of such claim and interest.

TENANCY IN COMMON: ` Creation and Existence—Deed by One
4    Tenant of Entire Tract—Ouster—Limitation of Actions.    The act of one tenant in common, in conveying to a stranger to the title, by full warranty deed, the entire tract in which the tenancy exists, followed by good-faith possession on the part of the grantee, works an ouster of all the other tenants in ·common, and starts the statute of limitation.

*Appeal from Harrison District Court.*—E. B. Woodruff, Judge.

DECEMBER 18, 1917.

SUIT to quiet title. The defendant Joicy Browning set up a claim of title to an undivided one-half interest in the tract in controversy. By cross-petition, she asks to quiet her title. There was a decree for plaintiffs as prayed, and the defendants have appealed.—*Affirmed.*

*Cochran & Barrett,* for appellants.

*John P. Organ,* for appellees.

EVANS J.—I. The land in controversy is a 10-acre tract. The plaintiffs are the heirs at law of Sarah O'Dell, who died intestate, February 24, 1913, and who had been the occupant of such land for many years prior to her death. She purchased the land in July, 1897, from J. P. Martin, and obtained from him a conveyance thereof, with full covenants of warranty. She entered into immediate possession under her deed, and enclosed the land, and made her home thereon continuously up to the time of her death. At or about the same time, she purchased other adjoining tracts, and occupied the same as one farm, consisting of 74 acres, of which the 10-acre tract in controversy was a part. A few

days prior to his conveyance to Sarah O'Dell, Martin, her grantor, had purchased the same from William T. Branson, who conveyed to Martin by deed purporting to transfer the entire title, and with full covenants of warranty. The cloud upon the plaintiffs' title arose from the fact that Branson's record title covered only an undivided one half of the tract. The title to the other undivided one half appeared in Joicy Branson, the then wife of William T. Branson, and now the wife of one Browning. She is the defendant Joicy Browning. She now claims as a tenant in common, and now contends that, because of her tenancy in common with her former husband, his grantees took only as cotenants of her, and that their possession was, therefore, not adverse to her. She contends also, in effect, that, for want of notice to her, there never was any ouster, and that, therefore, the statute of limitations was never set in motion. As against her contention, the plaintiffs claim, in effect, that the warranty deed from Martin to Sarah O'Dell purported to convey the full title, and was, by its terms, hostile to any alleged outstanding interest, and was, therefore, necessarily hostile to any claim of cotenancy; and that Sarah O'Dell took possession under her deed under color of title and claim of right in good faith; and that her possession was open, notorious, adverse, and exclusive. It is further contended for the plaintiffs that, notwithstanding the state of the record, the defendant Joicy Browning, or Branson, never in fact had any title or interest in such land, and that the appearance of her name in the chain of title was the result of a mere mistake.

The material facts in the case are practically undisputed. William T. Branson purchased the land from Coffey in 1893. Coffey prepared and executed the deed in the absence of Branson, and named both Branson and his wife as grantees therein.

1. TENANCY IN COMMON: creation and existence: name inserted as grantee by mistake: effect.

The deed was sent to Branson, and by him placed of record. Neither he nor his then wife ever discovered until the year 1915 that her name was included as a grantee. The insertion thereof in the deed was the mistake of Coffey. She had, in fact, no other interest in the purchase or in the real estate than her inchoate right of dower as the wife of the grantee. In 1893, she left her husband and never returned to him. In January, 1896, he obtained a decree of divorce. Shortly thereafter, she intermarried with Browning. As against the correction of the deed from Coffey on the ground of mistake, she pleads the statute of limitations. But she has made it appear in the record that she has been a nonresident of the state of Iowa continuously since 1893.

2. LIMITATION OF ACTIONS: nonresidence: effect.

The statute of limitations, therefore, is not available to her. The fact of the mistake in the Coffey deed is clearly established, and without conflict in the evidence. This fact alone is sufficient to justify the decree of the trial court.

3. ADVERSE POSSESSION: hostile character of possession: possession under unqualified deed.

II. We think it clear, also, that the plaintiffs have established ouster and adverse possession in good faith by Sarah O'Dell from July, 1897, until the date of her death, and by the plaintiffs, as her heirs, since the date of such death. The deed from Martin to Sarah O'Dell was placed of record about the time of the execution thereof; likewise, the deed from Coffey to Martin. Sarah O'Dell was not, herself, conscious of any infirmity in her title. The fact has its bearing upon the question of the good faith of her exclusive possession and claim of right. She was doubtless charged with constructive notice of the state of her title as it appeared upon the record, but this, of itself, would not prevent the running of the statute of limitations, nor would it destroy the adverse character of her possession. It is well settled that

4. TENANCY IN COMMON: creation and existence: deed by one tenant of entire tract: ouster: limitation of actions. a warranty deed by a cotenant, purporting to convey the full title, with full covenants of warranty to a stranger to the title, is an act of ouster, and that good-faith possession thereunder by the grantee, under such deed and under claim of exclusive right, is adverse. Such adverse possession will ripen into a good title within the statutory period. *Kinney v. Slattery,* 51 Iowa 353, *Laraway v. Larue,* 63 Iowa 407, *Crawford v. Meis,* 123 Iowa 610, *McBride v. Caldwell,* 142 Iowa 228, *Murray v. Quigley,* 119 Iowa 6. See also *Kittredge v. Locks and Canals,* 17 Pick. (Mass.) 246; *Ricker v. Butler,* 45 Minn. 545 (48 N. W. 407) ; *King v. Carmichael,* 136 Ind. 20 (35 N. E. 509) ; *Jackson v. Smith,* 13 Johns. (N. Y.) 406.

We see no room for doubt as to the correctness of the decree entered below. It is, accordingly,—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.