**FRANK PRINCE, Plaintiff**

v.

**NATHANIEL DUVERGEE, et al.,**
**Defendants**

## Civil No. 7-1938
## District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

## June 13, 1938

JAMES A. BOUGH, District Attorney, Charlotte Amalie,
*for plaintiff*

NATHANIEL DUVERGEE, defendant, appeared without
counsel

HASTIE, *Judge*

The plaintiff, a grandson of the long deceased record owner of a parcel of land, having inherited an undivided interest in the fee, seeks in this action to establish title to the entire estate by adverse possession as against other heirs who may claim to be cotenants. Our statute, upon which he relies, provides that:

"The uninterrupted, exclusive, actual, physical, adverse, continuous notorious possession of real property under color and claim of title for fifteen years or more shall be conclusively presumed to give title thereto except as against the Government." Code (1921), Title III, chapter 90, section 10 (28 V.I.C. § 11).

The evidence shows that for more than twenty years the plaintiff has enjoyed the exclusive possession of the

property, has paid all taxes and costs of upkeep and has retained all profits. The plaintiff's father similarly used and enjoyed the property for a number of years until his death when the plaintiff succeeded him in possession. The plaintiff contends that he and his father, throughout their possession, have lived upon the premises and have openly asserted title as against the entire world. However, there is no evidence that the entry of the plaintiff's father was hostile to the other heirs of the record owner, or that the plaintiff or his father ever by direct communication with their cotenants, asserted an adverse title.

■■ Upon the present record it must be assumed that the original entry of the plaintiff's father was consistent with and in support of the cotenancy. But conduct by a tenant in possession such as plainly and openly shows that he is holding in his own right alone and in derogation of the common right will suffice to change the character of the possession. Ouster of cotenants may be a proper inference from long continued exclusive possession and manifest claim of sole dominion without any accounting for profits or demand for contributions. Oglesby v. Hollister, 76 Cal. 136, 9 Am. St. Rep. 177; Lefavour v. Homan, 3 Allen (Mass.) 354; Jackson ex dem. Bradt v. Whitbeck, 6 Cowen (N.Y.) 632, 16 Am. Dec. 454; Bolton v. Hamilton, 2 Watts & Serg. (Pa.) 294, 37 Am. Dec. 509; Doe ex dem. Fishar v. Prosser, 1 Cowp. (Eng. K.B.) 217.

■■ In Lefavour v. Homan, 3 Allen (Mass.) supra, Bigelow, C. J., expressed the doctrine adopted as controlling in Massachusetts in language which has frequently been quoted with approval in other jurisdictions: "It is necessary, in order to maintain a title by disseisin by one tenant in common against another, to show some act, or series of acts, to indicate a decisive intent and purpose to occupy the premises to the exclusion and in denial of the right of the other. The facts which will sufficiently prove such ouster and adverse possession will vary ac-

cording to the different circumstances of parties, and no definite and positive rule can be laid down by which all cases can be governed. It may, however, be safely said that a sole and uninterrupted possession and pernancy of the profits by one tenant in common, with the knowledge of the other, continued for a long series of years without any possession or claim of right and without any perception of profits or demand for them by the cotenant, if unexplained or controlled by any evidence tending to show a reason for such neglect or omission to assert a right, will furnish evidence from which a jury may and ought to infer an actual ouster and adverse possession. Such an inference is reasonable and justified under the circumstances, because men do not ordinarily sleep on their rights for so long a period, and a strong presumption arises that actual proof of the original ouster has become lost by lapse of time."

In Doe ex dem. Fishar v. Prosser, supra, the decision most relied upon by the more recent cases, Lord Mansfield emphasized the fact that, by statutory limitation on their action, the tenants out of possession, after six years' silence, began and continued to be barred from claiming an accounting for rents and profits. Such a circumstance is a material factor in justifying a finding that sufficient time has elapsed to put the absentees on notice that the continuing possession is hostile to their claim of title.

■ A large number of decisions recognize exclusive dominion exercised by a cotenant in possession for twenty or twenty-one years as sufficient basis for a finding that his possession has been adverse to cotenants. Thus, in Susquehanna & W. V. Ry. & Coal Co. v. Quick, 61 Pa. 328, the Court said: "It is therefore certainly the law that open, notorious, and uninterrupted possession of the whole by a tenant in common for twenty-one years, claiming the whole land as his own, and taking the whole profits ex-

clusively to himself, is evidence from which a jury may draw the conclusion of an ouster and an adverse possession. The distinction is that it does not afford a legal presumption, which would entitle the Court to withdraw the question from the jury, and instruct them that they must infer an ouster, but it constitutes a natural presumption, or is competent evidence, from which the jury may infer an ouster and adverse possession, if not successfully rebutted. But the question of fact must be determined by the jury, for it may appear from all the circumstances that the possession is not adverse, notwithstanding the long-continued reception of the profits. Every case depends on its own circumstances, as to the strength of the conviction it produces." Accord: Woolsey v. Moors, 19 Hun. (N.Y.) 273; Marr v. Gilliam, 1 Coldw. (Tenn.) 488. Other periods, both greater and less, have also been held sufficient. Burns v. Byrne, 45 Iowa 285 (ten years); Manchester v. Doddridge, 3 Ind. 365 (twenty-five years); Doe ex dem. Fishar v. Prosser, supra (thirty-six years); Jackson ex dem. Bradt v. Whitbeck, supra (forty years). However, in many of the cases, the courts have marked merely the beginning of possession and the period of its continuation without determination of the time at which possession first became adverse.

In the present case, it is not clear for how long a period the possession and dominion of the plaintiff's father were exclusive and in derogation of the rights of his cotenants. However, upon the evidence, a minimum period of twenty-five years is established during which the plaintiff and his father have possessed, occupied, and improved the property, paid all taxes and costs of maintenance, and failed to make any accounting to or demand upon any cotenant. The one heir of the record owner who has filed an answer herein has not refuted the evidence of these facts. The several other heirs who are

named as defendants have entered no appearance. In the circumstances of this case, and under our fifteen-year statute of adverse possession, a sufficient showing has been made of ouster of all cotenants and subsequent running of the statutory period.

Counsel may prepare and submit findings and a decree consistent with this opinion.